No. 35.—JOHN PINCKARD, plaintiff in error, *vs.* DANIEL PONDER, defendant.

[1.]  A note originally usurious, may be purged of the usury by the agreement of the parties, as where new notes were given for the principal sum loaned, with the lawful interest added to the principal, at the time of *each renewal :* Held, that an agreement to pay interest on interest, that was lawfully *past due,* did not constitute usury, and that each renewal of the note was a new contract.

Assumpsit, in Monroe Superior Court.    Tried before Judge FLOYD, September Term, 1848.

Daniel Ponder brought suit in the Superior Court of Monroe County, against John Pinckard, on a note for $1232 38.    The defendant pleaded the general issue, usury, and a special plea, setting forth that Ponder had agreed to indulge Pinckard on the note sued on, until he could purchase a certain tract of land of one Moses Harris, which he agreed to take in payment of the note.

At the September Term, 1848, when the cause was called for trial, Pinckard moved the Court to continue said cause, on the ground that a set of interrogatories for Moses Harris, in the State of Alabama, had not returned, by which he expected to prove that he had purchased the tract of land mentioned in the plea, and that plaintiff had refused to take said land for said note, after said purchase. Defendant acknowledged in his showing, that he had let Harris take back his land.

The Court overruled this motion, on the ground that, under the circumstances, it was not a good ground for defence; to which decision, counsel for Pinckard excepted.

On the trial, Daniel Ponder, the plaintiff, under the Act of 1842, was placed upon the stand as a witness, with reference to the usury. He swore, "that the original sum loaned, was $1150, some time in 1837, at 16 per cent. and that the same was renewed yearly, at the same rate, up to 1841 or 1842, and then .the same was renewed at 12½ per cent. up to the time the note sued on was given; that during the time, there had been payments made; that about the time the note sued on was given, he went to the defendant to have said note purged of the usury; that defendant commenced making the calculation at simple interest, when he stopped him and told him he must have compound interest; that the calculation was made accordingly, by one Watson, calculating the interest at 8 per cent. and adding the interest to the principal yearly, and deducting the payments, and the present note sued on is the result of that calculation."

The Court charged the Jury—

1st. That a party might, upon a debt due or past due, demand the payment of principal and interest, and that it was not unlawful for him to renew his note, adding the lawful interest and the principal together, so as in the renewed note to make both principal; and that in this case the parties might make the calculation in this way, so as to allow the plaintiff simple and lawful interest, up to the time of the first renewal, then they might add the principal and interest together, and count interest thereon up to the next renewal, and so on, but not to allow interest on interest, unless from the time of a renewal.

2d. That one way to purge a note which had been compounded yearly on a usurious consideration, was to deduct off the usurious part of the interest taken for the last year the note was re-

newed, and from that amount the usurious part of the interest taken for the previous year, and so on, until it is purged of all the usury, up to the time of the original contract, and that in this way the Jury could ascertain whether the contract had been thoroughly purged.

To this charge of the Court counsel for Pinckard excepted. And on these several exceptions error has been assigned.

L. E. HARMON, for plaintiff in error, cited and relied upon the following authorities:

1 *Chitty on Bills*, 109. 4 *Randolph's R.* 406. *Blydenburgh on Usury*, 68, 186, 288. 11 *Eng. C. R.* 434. 2 *Taunton*, 1844. *Am. Law Magazine*, 54. *Prince*, 294.

R. TRIPPE, for defendant in error, cited the following authorities:

3 *Kelly*, 191, '2, *and cases there cited.* 6 *B. & C.* 327. 9 *D. & R.* 448. 1 *Cow.* 75. 1 *Kelly*, 392. 3 *Day*, 356. 2 *Taunt.* 184. 1 *Camp.* 165. 5 *Paige*, 98. 11 *Conn.* 487. 3 *Ham.* 18. 1 *Wend.* 221. 4 *T. R.* 613. 2 *Salk.* 449. 3 *Atk.* 330. 2 *Marsh.* 339.

*By the Court.*—WARNER, J. delivering the opinion.

The first ground of error assigned upon the record in this case is, that the Court refused to allow the defendant in the Court below, a continuance of his cause, upon the showing made therefor.

The discretion of the Court, in refusing the continuance, we think was properly exercised. It was admitted by the defendant, that the land which he had alleged in his plea had been purchased from Harris, and which the plaintiff had agreed to take, had been taken back by Harris, with his consent, as he acknowledged he had *let Harris take back the land ;* consequently, conceding the contract for the sale of the land to the plaintiff was *not void* under the Statute of Frauds, the defendant had put it out of his power to comply with it, on his part.

[1.] The second ground of error is, to the charge of the Court to the Jury, with regard to purging the note of the usury.

The Court charged the Jury, in substance, that it was lawful for the parties to renew the note annually, and add the annual interest to the principal. The principal and interest of this debt was *past due*. The contract was originally usurious, and the object of the parties was to purge the demand held by the plaintiff of the *usurious* interest included in it. At the time the contract was made, the plaintiff was entitled by law, to receive 8 per cent. for the use of his money ; that is to say, if A had loaned B one hundred dollars for one year, A would be entitled to receive from B one hundred and eight dollars, at the end of the year. Suppose B renews his note at the end of the year, and instead of paying the interest in money, it is added to the principal. The note is then given for one hundred and eight dollars. The lender is as much entitled to receive the lawful interest from the borrower, as he is the principal sum loaned. Upon the renewal of the note, the lawful interest due for the use of the principal, becomes a part of the principal, and may be loaned with it. Each renewal is a *new contract*, and the charge of the Court restricted the Jury in calculating the interest and adding it to the principal, to the *renewals* of the note expressly. The interest was *past due*, and the plaintiff below received no more when the calculation was made, than he would have been entitled to receive, had the lawful interest been added to the principal of the note, at the time of each renewal. He has received no *unlawful* usury for the use of his money. If the defendant had paid the plaintiff the lawful interest due for the use of the principal, at each renewal of the note, and the plaintiff had loaned such interest to some third person, at 8 per cent. he would have just the same amount of money as he now claims from the defendant, and no rule of the law violated. The result of the verdict shows that the Jury were governed, in making their calculation of interest, by the rule stated by the Court—that they calculated the interest up to the first renewal, and then added the principal and lawful interest together, and calculated the lawful interest on that amount, up to the time of the next renewal, and so on, deducting the payments from the interest. An agreement to pay interest on interest, which has *become due*, is not usurious. *Camp vs. Bates,* 11 *Conn. R.* 487. *Kellogg vs. Hickok,* 1 *Wend.* 521.

The defendant promised only to pay interest on interest, which was *lawfully past due*, which does not, in our judgment,

constitute usury; and there was no error in the first instruction given to the Jury, by the Court, as to the manner of making the calculation of interest, so as to purge the note of the usury.

The second instruction which the Court gave to the Jury, as to the manner in which they *might* make the calculation, so as to purge the note of the usury, we think erroneous and objectionable, but as the Jury have based their calculation upon the first instruction, as is apparent from their verdict, we will not disturb it on that account. The first instruction was right, and the verdict rendered in accordance therewith is right; therefore, let the judgment of the Court below be affirmed.