### Neel, receiver, *vs.* Young *et al.*

Where, on December 1, 1877, certain notes were made, which, after stating the principal contained the further provision, "with interest after maturity at ten per cent. per annum, interest to be paid annually, otherwise to become principal, for value received," in counting the interest upon interest, the proper rate was seven and not ten per cent., the latter rate not being specified in the writing.

(*a*) Decisions of this court, prior to the act of 1875, do not conflict with the ruling under that act.

December 21, 1886.

Interest and Usury. Promissory Notes. Before Judge FAIN. Bartow Superior Court. July Term, 1886.

Reported in the decision.

JOHN **W**. AKIN, for plaintiff in error.

THOS. W. MILNER; A. S. JOHNSON; GRAHAM & GRAHAM, for defendants.

JACKSON, Chief Justice.

The question made in the two cases argued together before us is, whether the court below committed error in counting interest upon interest at seven per cent. instead of at ten per cent. on the following stipulation in notes

sued on: "With interest after maturity at 10 per cent. per annum, interest to be paid annually, otherwise to become principal, for value received." The rate of interest for the money loaned is fixed at ten per cent., and it is argued that interest, if not paid annually, "becoming principal" by the contract, also draws the same rate that the principal of the note does on its face. It is argument by implication and inference, but there is no distinct, express promise to pay that rate of interest in the contract. The date of the note is 1st of December, 1877, and falls within the terms of the act of 1875 upon usury and interest, and that act, section 6, is as follows: "That the legal rate of interest shall remain seven per centum per annum, and any higher rate must be specified in writing." So that any case decided by this court prior to this act is not in the way of this case. See 6 *Ga.* 253; 37 *Id.* 384.

The case of *Wofford vs. Wyly et al.* 72 *Ga.* 863, seems, too, to cover this case, in reason and spirit, and to authorize the rule of calculation at the lawful interest of seven per cent. and not that which the face of the paper drew on the original debt.

It is good policy that the lawful interest, in the sense of that rate specified by law, when none is specified by express contract, should be followed, especially where interest is piled upon interest and thus compounded at a ruinous rapidity.

Judgment affirmed.