GREEN *et al. v.* EQUITABLE MORTGAGE COMPANY.

A written contract for the payment by the borrower to the lender of a gross sum of money including principal, interest, and commissions, is not in law usurious, if the total amount to be paid does not exceed the sum which would result from adding to the principal actually received by the borrower interest at eight per cent. per annum for the period of the loan. The statutory provision, that "Any higher rate [than 7 per cent.] must be specified in writing, but in no event to exceed eight per cent. per annum," is, in a given instance, substantially complied with, if in fact the lender does not contract to receive more than eight per cent. per annum for the use of the principal advanced. The contract in this case was not usurious.

Argued February 3, — Decided July 21, 1899.

Complaint. Before Judge Hart. Richmond superior court. April 14, 1898.

*W. K. Miller* and *Hamilton Phinizy*, for plaintiffs in error
*Payne & Tye, Lawson & Scales* and *J. R. Lamar*, contra.

LITTLE, J. The facts in this case are practically agreed on,
and are as follows: The plaintiffs in error made application to
the Georgia Security Investment Company to negotiate a loan
for them, to be secured by a mortgage or deed to certain farm
lands, fully set out in the application, and agreed to pay the
company a commission of $900.00, to be paid in whole or in part,
as might be agreed, at the time of closing the loan. Through
the medium of the investment company, the defendant in error
agreed to loan to the applicants the sum of $2,800.00, and was to
receive from the agent of the borrower a part of the commissions·
agreed to be paid it for negotiating the loan, to wit $210.00,
being seven and one half per cent. on the amount of the loan.
When the contract between the borrowers and lender was exe-
cuted, the amount of the commission so to be received, $210.00,
was added to the sum loaned, and the borrowers gave to the
lender their joint bond, by which they undertook to pay the
lender five years after date the sum of $3,010.00 as principal,
together with interest on said principal at the rate of six per
cent. per annum; and it was stipulated that if any part of the
principal or interest was not paid at maturity, the sum so due
and unpaid should bear interest at the rate of eight per cent.
per annum thereafter. To secure this note a deed conveying
title to certain land was given. Suit was instituted to recover
the principal expressed in the bond, together with one of the
interest notes; the makers being in default in the payment of
the sums expressed thereby. The defendants pleaded that the
contract was usurious. They prayed it might be so decreed,
that the deed to secure it be cancelled as void, and that the
recovery be limited to the amount actually received by defend-
ants. The jury rendered a verdict in favor of the plaintiff for
$2,800.00, with interest at the rate of seven per cent. Motion
was made for a new trial. On the hearing it was agreed that the
sole question to be decided was whether the debt was tainted
with usury; and that if the presiding judge should conclude
that the contract was usurious, he should mold a decree ac-
cordingly, and if it was not a usurious contract, then he should

correct the verdict and render a proper decree under the law and the pleadings. It is insisted by the plaintiffs in error that in this State it is usurious to charge over seven per cent. for a loan of money, in the absence of a written agreement which specifies a higher rate not over eight per cent., and it is argued that, as in this case the contract binds the maker to pay six per cent. on an assumed principal, which in fact amounts to more than seven per cent. on the real principal, and as in the absence of a written agreement specifying a higher rate the lender could only have seven per cent., the contract is usurious. The wording of our statute is: "The legal rate of interest shall remain seven per centum per annum, where the rate per cent. is not named in the contract, and any higher rate must be specified in writing, but in no event to exceed eight per cent. per annum." Civil Code, § 2876.

There is nothing on the face of the contract which renders it obnoxious as containing usury, and in order to determine whether in fact the contract made is usurious, it becomes necessary to ascertain the meaning of the statute, as well as to determine what was the rate per cent. taken either as interest or commissions, or both, on the amount actually loaned. The statute provides that if the rate per cent. is not named, the contract bears interest at seven per cent., and the right to recover a higher rate, not exceeding eight per cent., depends upon whether such higher rate is specified in writing. In the case of *Tribble* v. *Anderson*, 63 *Ga.* 31, this court held, that to add to the principal interest thereon at an agreed lawful rate and give a written obligation for the aggregate, without expressing the rate itself, is a sufficient compliance with a statute which tolerates a limited conventional rate of interest on condition of the contract therefor being in writing; and in discussing the proposition so laid down, Judge Bleckley says: ".The statute merely intended to distinguish between written and parol contracts, declaring the former effectual and the latter not. The promise to pay might be so much in a round sum, provided the statutory limit as to rate was not exceeded, and if the promise and the sum were evidenced by writing the contract would be in writing." This must be held to be an authoritative expo-

sition of the provisions of our code upon which the plaintiffs in error rely to show that by the terms of the contract on which the suit was based the plaintiffs in error had never legally undertaken to pay interest on the sum borrowed at the rate of eight per cent. per annum.   Usury, under section 2877 of the Civil Code, is the reserving and taking, or contracting to reserve and take, either directly or by indirection, a greater sum for the use of money than the lawful interest.   Confessedly, the amount actually loaned in this case was $2,800, while the principal expressed is $3,010.00, the difference between these two sums being represented by seven and one half per cent. on the true principal, as commissions.   In legal effect this sum of two hundred and ten dollars, although denominated commissions, is a sum which the lender contracted to reserve and take for the use of his money, and in this regard it is to be considered on the plane of interest.   The lender is allowed under the code to contract to reserve and take, even by indirection, any sum of money not greater than an amount which represents the lawful interest on his loan.   Whether he did so or not is to be determined more by calculation than by a rule of law.   And in this connection, and for the purpose of elucidating the question, we can not do better than to adopt as our own the clear and lucid opinion rendered by the judge who presided on the trial of the case in the court below, as follows:

"Attention is called to the words 'legal' and 'lawful' as they are used in the foregoing sections, the former in the first and the latter in the second section.   As used in the foregoing sections these words are not synonymous.   Three per cent. is lawful, but not the 'legal' rate.   Eight per cent. is 'lawful' when specified in writing.   I take it seven per cent. is both 'legal' and 'lawful.'   It follows, therefore, that the test of a contract as to usury is whether more than the 'lawful' interest is reserved, taken, or contracted for.   The defendants got in cash only $2,800, but gave their note for $3,010, payable at the end of five years with interest at the rate of six per cent. per annum. A calculation will show that interest at the rate of .08 per cent. per annum on the $2,800.00 would at the end of five years be several dollars more than is .06 per cent. per annum on $3,010.

That is, if the defendants had given their note for $2,800.00 with .08 per cent. per annum payable in five years, the accumulation of interest would have been $1,120.00, to which added the principal debt of $2,800.00 makes a total of $3,920 to be returned to the lender. On the other hand, .06 per cent. per annum on $3,010 would make for five years $903.00, which added to the principal would make a total of $3,913.00 to be returned to the lender. Thus the lender has received for the loan of his money $7.00 less than the law allows, and the borrower has used it for less than what it was 'lawful' to charge him. The defendants are driven, therefore, to complain at the form and not at the substance of the contract. Ought they be heard to object to this contract for the reason that they specified .06 per cent. in the note? While the note specifies .06 per cent., in point of fact that is not the true interest. They well knew the actual amount of cash received by them and the amount which the note recited. What could they have supposed the $210.00 reserved by the plaintiff to represent? Must it not of necessity be regarded as either discount, or interest, paid in advance? At any rate, the defendants knew that their note did not speak the truth — that is, that they were not paying .06 per cent. on $3,010.00. The substance and intent of the parties is the cardinal rule for the construction of contracts, and the mere form is of small consequence. They knew if they got only $2,800.00 they were in fact paying a little less than .08 per cent. for their money; or, if they got the $3.010.00, and paid back to the company $210.00, it was sought to be a discount or interest paid in advance; or, if paid as commissions, it would not render the contract usurious unless the commission together with the interest amounted to more than the 'lawful' rate of interest. The purpose of the statute against usury is, at most, only a check on the conscience of the lender. The necessity to borrow on the one hand, and greed on the other, often to the extent of demanding the 'pound of flesh,' prompted the legislature, no doubt, to fix from time to time a limit of the value of money. This value is merely arbitrary in the legislative mind. At times our legislatures have repealed all laws against usury, and again have enacted them with severe

penalties. If the lender in this case is a party to a usurious contract, the penalty is, the deed — his security — is utterly void. The penalty is a severe one, and should be imposed only in the event he has violated the law. I do not believe it can be fairly said that a contract is a usurious one, unless it can be truthfully said that a lender has gotten for the use of his money more than the 'lawful' rate of interest. The borrowers in this case are no worse off than if they had given a note with .08 per cent. interest for the $2,800.00 which they actually received; in fact the calculation above made shows that by the 'form' of the contract they have adopted they have actually made $7.00. Viewed in every light, it can not be proven in any, the lender has received or contracted for a greater sum for the use of money than the 'lawful' interest."

Under the consent given by the parties, the court rendered a decree awarding a judgment to the plaintiff against the named defendants, for the principal sum of $3,010.00, for one interest coupon note, besides interest as specified, and gave a special judgment against certain interests in the land described in the deed. There was no error in so decreeing, and the judgment of the court below is   *Affirmed. All the Justices concurring.*