## STEWART *v.* SLOCUMB.

Under the ruling in *Green* v. *Equitable Mortgage Company*, 107 *Ga.* 536, the charge complained of was erroneous.

Submitted June 14, — Decided July 19, 1904.

Affidavit of illegality.     Before Judge Lewis.     Jones superior court.     January 12, 1904.

*R. N. Hardeman, J. C. Barron*, and *Hardeman & Moore*, for plaintiff.     *Johnson & Johnson*, for defendant.

COBB, J. Error was assigned upon the following charge: "The lawful rate of interest in Georgia as provided by statute is seven per cent. Parties, however, may contract in writing for eight per cent. Now if you believe from the evidence Stewart advanced to Slocumb money and provisions during the year 1902, and charged the same as an open account, and, at the time the note and mortgage was given, the plaintiff, Stewart, in fixing the principal of said note, incorporated in said note eight per cent. interest on said account, then, I charge you, the one per cent. difference charged on said account, between the legal rate of interest allowed by law and eight per cent., would be usury; and if you find from the evidence this to be true, then, I charge you, this one per cent. so charged on said account would be usury, and your verdict should be a finding in favor of the illegality for so much. as usury, being

the difference between seven per cent. allowed by law and this eight per cent. which the law requires to be in writing." Under the ruling in *Green* v. *Equitable Mortgage Company,* 107 *Ga.* 536, this charge was error. It was there held: " The statutory provision, that 'Any higher rate [than 7 per cent.] must be specified in writing, but in no event to exceed eight per cent. per annum,' is, in a given instance, substantially complied with, if in fact the lender does not contract to receive more than eight per cent. per annum for the use of the principal advanced." If one incurs a debt and at the time of incurring it does not give any written evidence of the debt, but thereafter agrees in writing to pay the debt, it is lawful for him, upon a sufficient consideration, such as extension of time or the like, to agree to pay the highest lawful rate of interest from the date that the debt was originally incurred, and this may be done either by specifying in the writing the rate to be paid, or by making the aggregate amount of the debt a sum made up by adding to the true principal eight per cent. interest thereon from the time the debt was incurred until the signing of the written obligation. The error in the charge was of such a character as to require a reversal of the judgment.

*Judgment reversed. All the Justices concur.*