## 1319.  THOMPSON *v.* THE STATE.

The verdict is without any evidence to support it, and is therefore contrary to law, and a new trial should have been granted.

Indictment for adultery and fornication, from Glascock superior court—Judge Worley. June 27, 1908.

Submitted October 6,—Decided October 21, 1908.

*B. F. Walker, F. C. Walker,* for plaintiff in error.

*David W. Meadow, solicitor-general,* contra.

HILL, C. J. The plaintiff in error was convicted of the offense of adultery and fornication. His motion for a new trial, based on the general grounds only, being overruled, he brings error to this court. There was only one witness for the prosecution, and the material portion of his testimony may be summarized as follows: At the time of the alleged offense, the plaintiff in error was a married man and was living separately from his wife, she having left him at home with four small children, offspring of a previous marriage. He was a very poor man and was compelled to labor daily in the field, assisted in his labor alone by such of his children as were old enough to work. These children were small, the oldest a boy of twelve years of age. They were too small to keep house, and the plaintiff in error had no one to take charge of his house and give proper care and attention to his children, and the children were too young to care for themselves or each other. Under this domestic exigency, he hired the woman in question to keep his house and to take care of his children. She lived in this

house alone with him and the children for two or three years. Before she came to the house she had one bastard child, and, while living in the house, gave birth to another, and remained in the house about one year after the birth of the last child. The house was a large country house, having several bedrooms, and men were in the habit of visiting at the house. The foregoing may be denominated the incriminatory circumstances; and, as modifying the force of these circumstances, whatever that may be, this witness makes the following additional statement: "I don't know anything about the crime of adultery and fornication between Jesse Thompson and Hattie Johnson. ... In the time of my visits there I never saw anything improper or wrong between these folks. All I know or saw is that they just lived there." This is all the evidence for the State. The woman in the case, as a witness in behalf of the defendant, denied his guilt.

The jury of the vicinage thought that the testimony was sufficient to prove beyond a reasonable doubt the truth of the accusation made against the defendant. This court willingly bows in obedience to the voice of the jury on all questions of fact, where, after a careful search of the brief of the evidence, there is found any fact or circumstance sufficient to support the verdict; but we are constrained to differ from the conclusion arrived at by the jury in this case. Giving to all the circumstances sworn to by the one witness their strongest inculpatory coloring, we unhesitatingly conclude that it falls far short of the legal standard necessary to show guilt, and that the presumption of innocence, which is applicable to a case of adultery and fornication as well as to all other criminal cases, was not overcome. The fact that the woman was a lewd character when she was employed by the defendant as his housekeeper, and that she continued her immoral conduct while an inmate of his house, and that he, nevertheless, retained her in his household, furnished ground for suspicion. It is probable, however, that on account of the extreme poverty of this man and the care of four little children, his range of selection was limited. The foregoing fact, in connection with the additional fact that there was opportunity for the commission of the offense charged, probably led the jury to the conclusion of guilt; but when the evidence also shows that other men visited the house, and probably other men resided in the community who knew of the woman's charac-

ter, the value of these circumstances indicating improper relations between the defendant and the woman is greatly diminished. Certainly there is no evidence whatever to indicate that the woman was exclusive in the bestowal of her favors on the defendant. The fact that she gave birth to an illegitimate child while living in the house with him was probably regarded by the jury as a strong circumstance indicating his guilt. But in view of her social intercourse with other men who came to the house, the inculpatory force of this circumstance, in locating the guilty man, must be considered as inconclusive. Added to this rational view of these facts, we have the further declaration by the only witness for the State, that he had never seen anything improper or wrong "between these folks." In cases where circumstantial evidence is relied upon to prove the fact of guilt, the law, in its wisdom and humanity, demands that this evidence and these circumstances shall be sufficient to exclude every other reasonable hypothesis than that of guilt; and under all the facts of this case and all the inferences fairly deducible therefrom, the evidence falls far short of this mandatory requirement of the law. We feel constrained to set aside this verdict, notwithstanding its approval by the trial court, because a careful examination of the evidence satisfies us that the conclusion of the jury is wholly without evidence to support it, and is based alone on suspicion, which, while not entirely without foundation, is insufficient and unsafe when considered as proof.

*Judgment reversed.*