### 4309. BAILEY v. THE STATE.

RUSSELL, J. There being no evidence sufficient to authorize conviction, the verdict finding the accused guilty was contrary to law. *Thompson v. State*, 5 *Ga. App.* 7 (62 S. E. 571); *Moore v. State*, 8 *Ga. App.* 113 (68 S. E. 616).          *Judgment reversed.*

DECIDED MARCH 18, 1913.

Indictment for adultery and fornication; from Burke superior court—Judge H. C. Hammond. June 17, 1912.

From the evidence it appeared, that, about eleven o'clock at night, policemen went to the house of Lottie Tilson, a negro woman, in Waynesboro, and knocked at the front door, and, after they had knocked several times and called for Bailey (a white man), he came to the door "with his underclothes on," and opened it, and asked what they wanted. They told him that they had come to arrest him for disorderly conduct with Lottie Tilson. He said, "All right," and asked them to wait until he could furnish bond for his appearance before the mayor. The policemen then went into the house and found Lottie Tilson in the rear bedroom, partly undressed. A bed and a couch were in the room. The house contained five rooms, of which two or three were bedrooms. Lottie Tilson conducted a restaurant in the same build-

34

ing. She was married, but was not living with her husband. Bailey lived about nine miles from Waynesboro. He was unmarried. Before this time he had been going into the restaurant late in the afternoon, and coming out early in the morning, and had left his horse and buggy all night at the back of the restaurant: A physician testified, that at the time the policemen went to Lottie Tilson's house to make the arrest, and for three or four months, Bailey was under treatment by him for syphilis, and, in his opinion, the disease had made such inroads upon the functional organs, and had so wasted the vital organs and "wrecked his general condition," that Bailey was entirely too weak to perform sexual intercourse during that period; that Bailey was very poor, and in a condition of health so serious as to make it necessary to come to Waynesboro for treatment, not being able to have visits from a physician every day in the country, and that, because of inability to get a room in a hotel or "first-class boarding house," the witness advised him to get a room at Lottie Tilson's place, which was near the office of the witness; that the witness treated him there, making daily and nightly visits, and Lottie Tilson waited on him and acted as his nurse, and he took his meals at the restaurant and slept in the house. Bailey, in his statement at the trial, denied that he had sexual intercourse with Lottie Tilson, and said that he had been unable to have sexual intercourse in months. No witness testified to improper conduct between them.

*C. B. Garlick, F. S. Burney,* for plaintiff in error, cited the cases cited in the decision.

*J. S. Reynolds, solicitor-general, John M. Graham,* contra, cited: 81 *Ga.* 140 (6), 143-144; 81 *Ga.* 144 (4); 6 *Ga. App.* 554 (3), 558, and cit.; 119 *Ga.* 448; 97 *Ga.* 192.