7169.   PHILLIPS *v.* THE STATE.

WADE, J.   1.   Where the evidence is wholly circumstantial, and the circumstances relied on to support the verdict do not exclude every other reasonable hypothesis than that of the guilt of the accused, the conviction will be set aside. Penal Code, § 1010. Conceding that all the evidence objected to was properly admitted, the entire record in this case fails to do more than raise a suspicion of guilt on the part of the accused. See *Glover* v. *State,* 15 *Ga. App.* 44 (82 S. E. 602) ; *Bailey* v. *State,* 12 *Ga. App.* 529 (77 S. E. 652) ; *Seckinger* v. *State,* 11 *Ga. App.* 797 (76 S. E. 167) ; *Moore* v. *State,* 8 *Ga. App.* 113 (68 S. E. 616) ; *Thompson* v. *State,* 5 *Ga. App.* 7 (62 S. E. 571) ; *Winkles* v. *State,* 4 *Ga. App.* 559 (61 S. E. 1128) ; *Weems* v. *State,* 84 *Ga.* 461 (11 S. E. 501).

2.   In view of the foregoing ruling, it is unnecessary to pass upon the remaining exceptions.                          *Judgment reversed.*

DECIDED APRIL 21, 1916.

Accusation of adultery, etc.; from city court of Nashville—Judge Christian. December 3, 1915.

The accusation was in two counts, one charging the defendant with adultery, and the other with adultery and fornication. From

the evidence it appeared that he boarded at the home of the woman named in the accusation, while she was living with her husband. Her conduct with the defendant led to disagreements between her and her husband, which culminated in her leaving her husband and the town in which they resided. On the day on which she left the town the defendant was seen at the railroad-depot with her suitcase. The State introduced in evidence several love letters from her to the defendant. While boarding with her he bought a bracelet for her, which she wore. It was testified that on one occasion, while he was at his place of work, he was seen "making motions" to her; that she passed by and "went down in the branch, and he got excused from his work; . . he went up to her and put his hands on her and she put her hands on him; . . he just put his hands on her shoulders and she placed her hands on his waist." The witness did "not know what they were doing," or whether one of them kissed the other; he was thirty yards away. He did not know how long they were in that position; the defendant was gone from work about thirty minutes. No witness testified to other improper conduct between them. It was testified that the defendant was reputed to be a single man, and that he said his wife was dead.

*J. C. Smith, William Story,* for plaintiff in error.

*J. H. Gary, solicitor, R. A. Hendricks,* contra.