### 7865. HALEY *v.* COVINGTON.

BROXLES, P. J. 1. The reserving of interest in advance at- the highest legal rate on a loan, whether it be a short or a long term loan, is usurious. *Loganville Banking Co.* v. *Forrester,* 143 *Ga.* 302 (84 S. E. 961, L. R. A. 1915D, 1195) ; *Reese* v. *Bloodworth,* 146 *Ga.* 355 (91 S. E. 120). Where, however, interest on the actual sum loaned is calculated at 8 per cent. from the date of the loan to its maturity, and the lender then adds the amount of this interest to the sum lent, and places the total amount in the promissory note signed by the borrower as the sum which is to be repaid, and it is stipulated therein that this sum shall bear interest at 8 per cent. *from maturity* until paid, the interest has not been reserved in advance, and the contract is not infected with usury. In such a transaction the borrower receives the entire amount of the loan, and the lender has not received or reserved anything in advance, and when the note is paid at its maturity he receives the sum actually lent only, plus the legal interest thereon. It is not unlawful to agree to pay interest on interest which is lawfully past due. *Pinckard* v. *Ponder,* 6 *Ga.* 253; *Scott* v. *Saffold,* 37 *Ga.* 384, 391; *Tribble* v. *Anderson,* 63 *Ga.* 31 (5) ; *Merck* v. *American Freehold Land Mortgage Co.,* 79 *Ga.* 213 (7 S. E. 265) ; *Ellard* v. *Scottish-American Mortgage Co.,* 97 *Ga.* 329 (22 S. E. 893) ; *Green* v. *Equitable Mortgage Co.,* 107 *Ga.* 536 (33 S. E. 869) ; *Almand* v. *Equitable Mortgage Co.,* 113 *Ga.* 983, 987 (39 S. E. 421) ; *Stewart* v. *Slocumb,* 120 *Ga.* 762 (48 S. E. 311).

2. Under the facts of the case it was for the jury to say whether the contract sued upon was infected with usury. The defendant's evidence, if

true, showed that it was so infected, while the plaintiff's evidence authorized a finding to the contrary. The jury's verdict finally settled this question.

3. That part of the verdict and judgment which set up a special lien in the plaintiff's favor was illegal, but this error was cured by the order of the court amending the verdict and judgment by striking therefrom this illegal part.

4. The admission of the testimony complained of in the 5th and 6th grounds respectively of the amendment to the motion for a new trial was not error.

5. The remaining grounds of the amendment to the motion for a new trial, not having been referred to in the brief of counsel for the plaintiff in error, are treated as abandoned.

6. The verdict as amended was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

DECIDED APRIL 24, 1917.

Complaint; from city court of Cartersville—Judge Moon. July 27, 1916.

*William T. Townsend,* for plaintiff in error.

*L. H. Covington, Dean & Dean,* contra.