## 12001.  BONNETT *v.* THE STATE.

" The evidence against the accused was entirely circumstantial, and, while it raised a suspicion of his guilt, was not sufficient, though given its strongest intendment as against him, to exclude every other reasonable hypothesis. It was therefore error to refuse a new trial." *Williams* v. *State,* 113 *Ga.* 721 (39 S. E. 487).

DECIDED APRIL 13, 1921.

Accusation of maiming cattle; from city court of Statesboro — Judge Lanier presiding. November 10, 1920.

*R. Lee Moore,* for plaintiff in error.

*H. M. Jones, solicitor,* contra.

BLOODWORTH, J. The accusation in this case alleged that the accused did " maliciously maim and kill " two cows and a small steer. The accusation does not allege in what manner they were killed, but the record shows that the State endeavored to prove that they were shot on a certain Sunday afternoon.

While the steer was found dead in the field of the accused, and one of the cows near this field, there is no evidence that either of these had been shot, but it was shown that they had been in a field where peas, corn, and groundpeas were growing. The evidence shows that it had been raining just before the dead cattle were found; that the steer was found in a flat place in the field; that there had been water in the place where he was found; and one witness swore that the cow laid down in the edge of a pond of water and died; that he examined the contents of her paunch and found therein "a pile of food that consisted of pea vines, pea hulls, and fodder stems;" that "where cows eat too much green peas or dry peas and pea vines it will kill them;" that he believed that eating peas and drinking water caused the death of both of these cattle. The other cow lived several days. The only evidence to show that she was shot was a hole that was found in her "tripe;" but granting that this was sufficient proof that she had been shot, there is no evidence to show that this particular cow had been on the premises of the accused, and none to show that he had shot her. It was the contention of the State, as stated above, that the cattle were shot on Saturday afternoon, and that this killing occurred at or near the home of the accused. There was some evidence that gunshots were heard in the direction of the farm of the accused on Saturday afternoon, but no evidence that the accused fired these shots. The uncontradicted evidence shows that the accused was away from home practically all that afternoon after 2 o'clock and sometime prior thereto.

The defendant was convicted on circumstantial evidence, and we do not think it sufficient to show beyond a reasonable doubt that the accused did "maliciously maim and kill" the cattle, or that it "excludes every other reasonable hypothesis save that of the guilt of the accused." Penal Code (1910), § 1010. As was said in *Henderson* v. *State,* 147 *Ga.* 134 (2) (92 S. E. 871): "The verdict in this case is dependent entirely on circumstantial evidence. The proved facts are consistent with innocence, and are insufficient to exclude every reasonable hypothesis save that of the guilt of the accused. Suspicion of guilt will not authorize a conviction." The evidence in this case may point toward the guilt of the accused, but "the law recognizes that

there may be evidence pointing to guilt, without that evidence being sufficient to warrant conviction." *Patton* v. *State,* 117 *Ga.* 230 (3) (43 S. E. 533). In *Davis* v. *State,* 17 *Ga. App.* 820 (88 S. E. 706), Judge Wade said: "Summing up the entire evidence, it may be said, that while it is sufficient to create a strong suspicion as to the guilt of the accused, it by no means comes up to the rule that circumstantial evidence must exclude every other reasonable hypothesis than that of the guilt of the accused, in order to support a conviction of crime." See also *Phillips* v. *State,* 17 *Ga. App.* 824 (1) (88 S. E. 716), and cases cited; *Bowen* v. *State,* 19 *Ga. App.* 782 (92 S. E. 299).

The court erred in overruling the motion for a new trial. As a new trial must follow from the above ruling, it is unnecessary to consider the other grounds of the motion for a new trial; the errors alleged therein are of such a character that they will not likely recur when the case is tried again.

*Judgment reversed. Luke, J., concurs.*

BROYLES, C. J., concurring specially. I think the evidence authorized a finding that the cattle had been shot, but not that the defendant did the shooting.