Trial, 38 Cyc. p. 1565, n. 84; p. 1574, n. 21.

---

## 18340. WILSON v. THE STATE.

BROYLES, C. J.  The evidence upon which the accused was convicted was wholly circumstantial, and did not exclude every reasonable hypothesis other then that of his guilt.  It follows that the court erred in refusing the grant of a new trial.

Judgment reversed. Luke and Bloodworth, JJ., concur.

DECIDED NOVEMBER 16, 1927.

Cruelty to animal; from Houston superior court—Judge Mathews.  June 25, 1927.

Connie Wilson was charged with cruelty to David Cromer's cow, by shooting her.  They lived on adjacent farms.  Cromer missed the cow, which had been tied to a stake on his premises, and, after sundown of the same day, acting on a report of his son, whom he had sent to look for her, he went to the defendant's house.  A light which he saw in the house as he approached was extinguished.  The cow, with her left hind-leg broken and a hole in it about the size of a bullet, was found lying down in the defendant's field, back of his barn, which was immediately behind his house.  The next day Cromer went back there with the sheriff and others.  He testified: "I [then] told Connie Wilson that I was a poor man and could not afford to lose the cow.  Connie Wilson said that he would pay the doctor's bill, but he has never spoken to me about this cow since.  Nothing that I know of but a bullet could

Criminal Law, 16 C. J. p. 764, n. 54; p. 1179, n. 67; 17 C. J. p. 252, n. 16.

have made the hole in the hide and broken the leg as it was broken.
. . Connie Wilson denied that he shot the cow. . . I let her
leg stay bandaged up for about seven weeks. When I took the
bandage off, the bone was sticking out of her leg. . . Her leg
was rotted off where she was wounded. I never looked for the
bullet after she was dead. I never saw any bullet." Another
witness testified as to the defendant's promise to pay the doctor's
bill. A veterinary surgeon and others testified that they could
not positively swear that the wound was made by a bullet, but they
thought that it was. It was round and smooth. The surgeon
swore that the wound was just above the hock-joint, and he could
not explain what it was unless it was a bullet; in his opinion the
cow was shot with a rifle or pistol. Cromer's son testified that just
before sundown on the day on which the cow was missed he saw her
lying down near a hay-stack back of the defendant's barn, with
a hole in her leg, and that the defendant was plowing in a circle
around his field and passing within fifty steps of the cow. The
persons living on the place with him were his wife, his mother
and several small children. The defendant, in his statement at
the trial, said that when he started plowing he saw the cow and
noticed that she was hurt, but did not know how she was hurt;
that he saw Cromer's boy come up on a mule, and whistled to him,
but the boy did not hear, and rode off. The defendant said that
he told Cromer that he would not pay for the cow. Cromer's son
testified that the defendant passed right by him when he went to
the defendant's place and saw the wounded cow, and that nothing
was said to him by the defendant. Several witnesses testified that
they did not hear shooting that day, though they were near where
the cow was found.

*S. M. Mathews, M. Kunz,* for plaintiff in error, cited: 26 *Ga.
App.* 591; 147 *Ga.* 134; 117 *Ga.* 230; 17 *Ga. App.* 820; 19 *Ga.
App.* 782; Penal Code, § 1010.

*Charles H. Garrett, solicitor-general,* contra, cited: 1 *Kelly,*
610; 59 *Ga.* 738 (6); 63 *Ga.* 93.