## OSBORNE *v.* NATIONAL REALTY MANAGEMENT CO. *et al.*

No. 11261. JULY 15, 1936.

*Thomas J. Slappey,* for plaintiff.
*John P. Stewart,* for defendants.

ATKINSON, J. Mrs. Mattie C. Osborne instituted an action against the Franklin Mortgage Company and others, seeking to enjoin a sale of land in pursuance of a power of sale contained in a deed executed by plaintiff to defendant as security for a promissory note, and to cancel all obligations to pay interest as provided in the note. The petition alleged that the principal amount was $4,000, and that payments of principal and interest were to be made in 120 monthly installments aggregating $6,068.20, during

a period of ten years, the amounts of separate installments being set forth; that when the 64th payment was made, about September, 1933, the defendants charged petitioner $1,926.12 interest, whereas the lawful amount could not have been more than $1,249.37, and that the difference between those amounts rendered the contract usurious and caused a forfeiture of all interest. By amendment it was alleged "That plaintiff admits that she is indebted to the defendants in the sum of $1,440 as a balance on said mortgage, the said sum being the principal balance due, after allowing the interest paid as a part of the principal, by reason of the illegal charges of interest beyond the rate of interest allowed by law on such loans and which should be forfeited by defendants, and plaintiff offers to pay defendants the said sum of $1,440 as balance of said debt forthwith." The court sustained a general demurrer to the petition as amended, and dismissed the action. The plaintiff excepted.

1. Since the passage of the act approved August 18, 1916 (Ga. L. 1916, p. 48; Code of 1933, § 57-112), the exaction of usury in a loan of money causes forfeiture of all interest on the loan. "The legal rate of interest shall be seven per centum per annum, where the rate per centum is not named in the contract, and any higher rate must be specified in writing, but in no event shall any person, company, or corporation reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than eight per centum per annum, either directly or indirectly by way of commission for advances, discount, exchange, or by any contract or contrivance or device whatever." Code, § 57-101. It is declared in the act approved August 16, 1912 (Ga. L. 1912, p. 144; Code, § 57-116): "Any person, natural or artificial, in this State, lending money to be paid back in monthly installments, may charge interest thereon at six per cent. per annum or less for the entire period of the loan, aggregating the principal and interest for the entire period of the loan, and dividing the same into monthly installments, and may take security therefor by mortgage with waiver of exemption or title or both, upon and to real estate or personal property or both, and the same shall be valid for the amount of the principal and interest charged, and such contracts shall not be held usurious." The loan contract involved in this

case was in pursuance of the law last quoted; and the plan adopted for maturities and payment of principal and interest did not render the contract usurious and cause a forfeiture of interest. See *Green* v. *Equitable Mortgage Co.*, 107 *Ga.* 536 (33 S. E. 869).

2. The contract being for the period of ten years and authorized under the statute of 1912, supra, voluntary monthly payments by the borrower exceeding those specified in the contract, so that at a particular date before expiration of the time for which the contract should run the amounts of payments actually made would exceed the lawful interest payable at that time, would not render the transaction usurious and cause a forfeiture of the interest. If in the circumstances the borrower defaults, and the holder of the deed advertises the property for sale in pursuance of a power expressed in the deed, and makes claim for an amount that would exceed the lawful interest, such claim for excess amount would not render the contract usurious or cause forfeiture of lawful interest under the contract. Under the allegations of the petition the court did not err in sustaining a general demurrer and dismissing the action.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*