32069.   ADAMSON *v.* LILIENTHAL.

DECIDED JUNE 25, 1948. REHEARING DENIED JULY 9, 1948.

*Marvin O'Neal Jr., Ernest H. Stanford,* for plaintiff.

*Smith, Kilpatrick, Cody, Rogers & McClatchey,* for defendant.

SUTTON, C. J. (After stating the foregoing facts.) ■ "Any person, natural or artificial, in this State, lending money to be paid back in monthly, quarterly, or yearly installments, may charge interest thereon at six percent per annum or less for the entire period of the loan, aggregating the principal and interest for the entire period of the loan, and dividing the same into monthly, quarterly or yearly installments, and may take security therefor by mortgage with waiver of exemption or title or both, upon and to real estate or personal property or both, and the same shall be valid for the amount of the principal and interest charged; and such contract shall not be held usurious." Code (Ann.), § 57-116 (Ga. L. 1912, p. 144; 1937, p. 463). A loan of $3200, made on April 22, 1947, where the borrower conveys certain real estate under a deed to secure debt as security for the loan, and where the principal and interest is payable in monthly installments of $69.33, each, beginning on May 22, 1947, and the final payment becoming due on April 22, 1952, as in the present case, is in accordance with, and comes under the provisions of Code (Ann.), § 57-116, and the contract is not usurious. See *Osborne* v. *National Realty Management Co.,* 182 *Ga.* 892, 893 (1) (187 S. E. 56), and compare with *Green* v. *Equitable Mort-*

*gage Co.*, 107 *Ga.* 536 (33 S. E. 869), decided prior to the passage of the act of 1912 (Ga. L. 1912, p. 144; Code, § 57-116).

■ "Where a debt, including both principal and interest and due by installments, if paid according to the terms of the contract is free from usury, the transaction is not rendered usurious by the voluntary payment of the debt in full before some of the installments matured, although as a result the creditor would receive, in the aggregate, a sum amounting to more than the principal and the maximum legal rate of interest." *Savannah Savings Bank* v. *Logan*, 99 *Ga.* 291 (25 S. E. 692). This principle is applicable to contracts coming under the provisions of Code (Ann.), § 57-116. For the same holding in other jurisdictions see the collection of cases in 130 A. L. R. 73; Atlantic Life Insurance Co. of Richmond *v.* Wolf (D. C. Mun. App.), 54 Atl. 2d, 641.

■ As the contract was not usurious in its inception, and was not rendered usurious by the voluntary payment of the principal and interest in advance of the maturity dates, the court did not err in its judgment sustaining the general demurrers to the plaintiff's petition.

A careful examination has been made of all the cases cited and relied on by the plaintiff in error, and they do not authorize or require a different holding from the one here made. *Parker* v. *Fulton Loan &c. Assn.*, 42 *Ga.* 451, *Camp Lumber Co.* v. *Citizens Bank of Valdosta*, 142 *Ga.* 84 (82 S. E. 492), *McGehee* v. *Petree*, 165 *Ga.* 492 (141 S. E. 206), and *Bailey* v. *Newberry*, 52 *Ga. App.* 693 (184 S. E. 357), all deal with contracts usurious in their inception or tainted with usury. *Troutman* v. *Barnett*, 9 *Ga.* 30 (1850), deals with a judgment which became tainted with usury by a subsequent agreement with a transferee. *Morgan* v. *Shepherd*, 171 *Ga.* 33 (154 S. E. 780), and *Nash Loan Company* v. *Dixon*, 181 *Ga.* 297 (182 S. E. 23), deals with loans of less than $300 made under the provisions of the act of 1920 (Code, § 25-301 et seq.). The cases are distinguishable on their facts and the provisions of the act of 1920 are different from Code (Ann.), § 57-116, and are inapplicable to the present case. In *South Georgia Mercantile Co.* v. *Lance*, 143 *Ga.* 530 (85 S. E. 749), the present Code (Ann.), § 57-116 prior to the 1937 amendment was involved, and the plaintiff, as the lender, was suing upon a loan in default under a provision of the contract calling for usurious

interest if the contract was in default, and, therefore, the holding there is inapplicable to the case at bar. *Garner* v. *Sisson Properties Inc.*, 198 *Ga.* 203 (31 S. E. 2d, 400), involved purchase-money notes, and the court held that the Code (Ann.), § 57-116 was not applicable. Furthermore, the notes in that case contained the provision that they were payable "on or before" maturity. *Martin* v. *McLain*, 51 *Ga. App.* 336 (180 S. E. 510), does not deal with any law concerning usury. The case of *Green* v. *Equitable Mortgage Co.*, 107 *Ga.* 536 (33 S. E. 869), although decided prior to the act of 1912, involved a contract that was held not to be usurious, and the principles there stated support the holding in the present case.

*Judgment affirmed. Felton and Parker, JJ., concur.*