ALFRED LUCHESI *vs.* CAPITOL LOAN & FINANCE COMPANY *et al.*

MAY 13. 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

152

CONDON, J. This is an action of the case to recover money paid to the defendants under an alleged usurious agreement for a loan in violation of general laws 1938, chapter 485, §2. After a trial before a justice of the superior court without a jury, a decision was rendered in favor of the defendants. The case is here solely on the plaintiff's exception to such decision. There are several other exceptions in his bill of exceptions but they have not been briefed or argued and are, therefore, deemed to be waived.

The case arose out of plaintiff's purchase of an automobile from defendant Baker Auto Co., Inc. The sale was financed by defendant Capitol Loan & Finance Co. Each company is a Rhode Island corporation and Louis Baker is president of both companies. His son Benson Baker is a salesman for the auto company and the treasurer of the loan company. The auto company conducts a used car business on a lot at 560 Elmwood avenue in the city of Providence. Each company occupies a business office in a small wooden building on such lot.

The plaintiff is the father of Alfred Luchesi, Jr., a minor. On February 10, 1950 Alfred inspected a 1949 Cadillac on the lot and decided to buy it. He discussed the sale with Benson Baker and was told the cash price was $2,995. He did not have that sum and asked if the car could be bought on time. He was told such a sale could be arranged but that since he was a minor his father would have to sign the necessary papers. Later on the same day plaintiff came to the lot and after discussing the terms of the sale with Baker entered into a conditional sales agreement with the Baker Auto Co., Inc.

Under such agreement plaintiff made a down payment of $500, was allowed $295 for his 1941 Studebaker, and agreed to pay $2,200, the balance of the purchase price, in thirty-six equal monthly payments of $86.90. Those payments included a finance charge of $928.40 for the period and in the aggregate they amounted to $3,128.40. After completing the sale the auto company delivered the Cadillac to plaintiff, assigned the agreement to the loan company for $2,200, and marked the transaction on its books as closed.

On June 28, 1950, after making four monthly payments to the loan company, plaintiff told Benson Baker he wanted to anticipate the remaining payments and inquired what amount he would have to pay. Baker referred him to the person in charge of such matters in the office of the loan company. He was informed there that he would have to pay $2,700, but after some argument it was finally agreed by the loan company to close the account for $2,401.06. The plaintiff paid such amount and thereafter brought the instant action.

The plaintiff claims in substance that the loan company was merely a blind behind which the auto company in reality conducted a loan business; that his conditional sales agreement with it was in fact an agreement for a loan; that the interest charged therein was usurious; and that in any event the close-out transaction with the loan company represented a taking of interest at a usurious rate. The defendant contends that there is no basis in the evidence for any of such claims.

The trial justice found that the transaction was a bona fide conditional sale between the auto company and the plaintiff to which the usury statute did not apply. He further found that the close-out transaction did not involve a taking of interest within the meaning of the statute and that such a transaction did not come within its purview. The plaintiff contends that those findings are against the law and the evidence and the weight thereof. In that con-

nection he argues that the evidence is like that in *Nazarian* v. *Lincoln Finance Corp.*, 77 R. I. 497, where the trial justice found therefrom that the transaction though in appearance a conditional sale was in fact a loan.

The defendants contend that the case at bar in its essential particulars is not like the *Nazarian* case. On the contrary they argue that the evidence here clearly supports the trial justice's findings and furnishes no basis for a finding like the one which we upheld in that case. Moreover they rely upon the well-established rule that this court will not disturb the trial justice's decision on the facts unless it is clearly wrong.

After carefully considering the evidence we are of the opinion that there is no merit in plaintiff's contentions. We agree with the trial justice that the facts here are essentially different from those in the *Nazarian* case. It is true that in some unimportant respects they are similar but on the vital question whether plaintiff dealt with the auto company and purchased the Cadillac on time payments, as evidenced by the conditional sales agreement, or negotiated a loan with the auto company there is no similarity.

In the *Nazarian* case the trial justice found that the seller and the plaintiff actually agreed on a sale for cash on delivery of the car; that the seller did not intend to sell on time payments at an additional price; that he did not care where the buyer obtained the money for the sale; and that he did not loan the buyer the money. And the trial justice further found that the defendant loan company in a separable agreement with the buyer and not with the seller made a loan to the buyer. In the case at bar the trial justice found that there was an agreement between the seller, namely, the auto company, and the buyer; that there was no loan from the company to the buyer; and that the loan company became plaintiff's creditor by assignment of his sales agreement with the auto company. From an examination of the transcript we cannot say that his findings are clearly wrong.

Having decided that the transaction between the auto

company and plaintiff was a conditional sale, the next question is whether the trial justice erred in holding that it did not come within the purview of G. L. 1938, chap. 485, §2. We are of the opinion that he did not err. The law is well settled elsewhere, and we perceive no reason for differing with it here, that usury statutes do not apply to conditional sales. *Commercial Credit Co.* v. *Tarwater*, 215 Ala. 123, 48 A.L.R. 1437.

We are of the same opinion with reference to the later close-out transaction between plaintiff and the loan company. The law appears to be settled in other jurisdictions that where a purchaser voluntarily negotiates a settlement in advance, as in the case at bar, even though the settlement results in the payment of an amount in excess of the legal rate of interest, it does not violate the statutes against usury. The reasons for that view have been well stated in the following cases: *Smithwick* v. *Whitley*, 152 N. C. 366; *McCarty* v. *Mellinkoff*, 118 Cal. App. 11; *Adamson* v. *Lilienthal*, 77 Ga. App. 392; *Atlantic Life Ins. Co.* v. *Wolf, D. C. Mun. Ct. of App.*, 54 A.2d 641. See also note 130 A.L.R. 73.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Fred Brosco, William J. George,* for plaintiff.

*Letts & Quinn, Frank Licht, A. Peter Quinn, Jr.,* for defendants.