SUSIE CAVALLARO *vs.* DR. BENJAMIN S. SHARP.

MARCH 29, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Condon and O'Connell, JJ.

CONDON, J. This is an action of trespass on the case for negligence. The declaration is in five counts, to which the defendant pleaded the general issue. On that issue the case was tried in the superior court to a jury which returned a verdict for the plaintiff. Thereafter the trial justice granted the defendant's motion for a new trial. The case is here on bills of exceptions by both parties.

The plaintiff's bill contains exceptions to the grant-

ing of defendant's motion for a directed verdict on the second count and to the granting of his motion for a new trial. The defendant's bill contains exceptions to the denial of his motion for directed verdicts on the third and fourth counts and to five rulings on the admission or exclusion of evidence during the trial. There are numerous other exceptions in each bill, but since they are neither briefed nor argued they are deemed to be waived. *Luchesi* v. *Capitol Loan & Finance Co.*, 83 R. I. 151, 113 A.2d 725.

The case was considered by the jury on only two of the five counts. The plaintiff withdrew the first and fifth counts during the trial. The trial justice directed a verdict for defendant on the second count. That count alleged in substance that defendant had negligently cut, scarred, and disfigured plaintiff's forehead in removing the wicks from the ear canal and in loosening the bandage over the forehead "with a sharp scissors or other instrument." The third count alleged that through want of care and skill in performing a left radical mastoidectomy upon her he severed her facial nerve. And the fourth count avers that through such want of skill and care at that time he cut out a piece of her facial nerve. Most of the evidence revolved around these two last-mentioned counts; and on the proof of one or both of them depended the jury's verdict in favor of plaintiff. We shall confine our discussion to such counts before discussing the second count.

The defendant, a practicing physician and surgeon in the city of Providence, performed a left radical mastoidectomy on plaintiff at the Miriam Hospital in that city on August 10, 1948. A few hours after the operation it became apparent there was a paralysis of the left side of plaintiff's face. After efforts to relieve that condition had proved ineffective defendant advised plaintiff to go to Boston and submit to a second operation by Dr. Frank D. Lathrop of the Lahey Clinic in that city. The plaintiff followed that advice and Dr. Lathrop sent her to the Massachusetts Women's Hos-

pital where, on October 26, 1948, he performed an operation which is described in the hospital record as "Repair of left facial nerve injury by nerve graft." It appeared that such nerve had been damaged in the course of defendant's performance of the left radical mastoidectomy.

The plaintiff claimed that defendant had either severed the nerve or cut out a piece of it and thus caused the facial paralysis. The defendant testified that he had done neither and had successfully performed the mastoidectomy. In this he was in some degree corroborated by Dr. Lathrop who testified that the condition of plaintiff's face was one of the hazards of such an operation. Doctor Lathrop further testified that in proceeding with the nerve graft operation he found the nerve had not been entirely severed but that minute bone fragments were imbedded in the tissues of the nerve; that they had damaged it; and that this was the cause of the paralysis of plaintiff's face. He also stated that the fragments resulted from the faulty fracturing of the bone by the operator in the course of performing the mastoidectomy. But he hastened to add that such statement did not necessarily mean the operator had not properly performed this part of the operation. In any event he testified that he found the nerve intact and that he cut it in performing the grafting operation.

The plaintiff relied almost solely on the testimony of Dr. Edwin B. Gammell who was admitted as an expert witness over defendant's objection. From an examination of the hospital records of the two operations and in answer to a long hypothetical question based on admitted testimony, he was allowed to testify concerning the condition of the nerve after the first operation. He expressed the opinion that plaintiff's left facial nerve had been severed or a piece of it excised as a result of the mastoidectomy and stated substantially that such severance or excision had caused her facial paralysis.

In view of that conflicting evidence it would seem to be

obvious that the trial justice did not err in denying the motion for a directed verdict for defendant on the third and fourth counts. But defendant claims, as we understand him, that Dr. Gammell's testimony should not be considered and that without it there is no evidence contradicting his and Dr. Lathrop's testimony. There is no merit in such contention. In passing on defendant's motion the trial justice was bound to consider all the evidence which had been admitted, whether objected to by defendant or not, and to view it in the light most favorable to plaintiff. After viewing the evidence in that light, as we must in passing on defendant's exceptions, we are of the opinion that the trial justice did not err in denying the motion. Such exceptions are, therefore, overruled.

The defendant excepted to the trial justice's ruling allowing Dr. Gammell to testify as an expert witness. At the conclusion of such testimony defendant moved to strike it from the record on the ground that it had become apparent the doctor was not sufficiently experienced in mastoidectomies as performed in Providence to be able to express an opinion as to whether, in the light of what had happened to plaintiff, defendant had performed the operation with the average degree of care and skill exercised by experienced practitioners in that locality. It appears from the evidence that Dr. Gammell is a certified otologist; that he had considerable experience in that field as a surgeon in the air force during the late war and thereafter in the city of Philadelphia; that he opened an office in the city of Providence in July 1948 for the practice of his specialty; and that he was familiar with such practice although he may not have performed any mastoidectomies in Providence before August 10, 1948.

We are of the opinion that on such evidence the trial justice did not abuse his discretion in allowing Dr. Gammell to testify as an expert. It is well settled here that unless such discretion is abused this court will not disturb the trial

justice's decision. *Baffoni* v. *Baffoni,* 77 R. I. 232. The doctor's limited experience in the actual practice of his specialty in Providence before the date of the mastoidectomy by defendant is, in our opinion, of no great importance in view of his prior professional experience in Philadelphia. The two localities cannot be deemed so dissimilar as to preclude an assumption that mastoidectomies are performed by otologists in Providence with the same average degree of careful and skillful technique as in Philadelphia. It is to be remembered in this connection that Providence is not a small city but is the metropolitan center of upwards of a million people, and moreover is in reasonable proximity to Boston, one of the principal medical centers of the country.

The defendant cites and relies upon *Michael* v. *Roberts,* 91 N. H. 499. In that case a Boston doctor was not allowed to testify as to the knowledge possessed by a practitioner in Rochester, a small city in New Hampshire, or as to the care and skill ordinarily exercised there or in similar localities by the average practitioner. Here there is no such marked dissimilarity between Providence and Philadelphia. In our opinion Dr. Gammell's knowledge and experience of the average skill and care customarily exercised by practitioners in Philadephia could be quite properly deemed by the trial justice as similar to what would be found in a city of the size and importance of Providence. While it was altogether fitting and proper for defendant to develop and emphasize in evidence Dr. Gammell's brief experience as a practicing otologist in Providence prior to August 10, 1948 so as to affect unfavorably if possible the weight to be given his testimony, we do not think such evidence was sufficient to disqualify the doctor as an expert witness. The defendant's exception is, therefore, overruled.

This brings us to a consideration of plaintiff's exceptions. These relate to the trial justice's direction of a verdict for defendant on the second count and to his granting of defendant's motion for a new trial. From our reading of the

transcript we are of the opinion that the exception to the direction of a verdict on the second count must be sustained. On the motion for a directed verdict the trial justice is bound to view the evidence most favorably to the party against whom the motion is made and he is not permitted to weigh the evidence or pass upon the credibility of the witnesses. It appears to us that those rules were not fully observed. Without narrating the evidence in detail here, it is sufficient for us to say that there is a clear conflict therein as to how plaintiff received the scars complained of and whether they were caused by defendant's negligent use of improper shears in loosening the bandage on plaintiff's head. This exception is sustained.

Under her other exception plaintiff contends that the trial justice erred in granting defendant's motion for a new trial in that he misconceived or overlooked important evidence in her favor, failed to weigh the evidence correctly, and also failed to follow the law which he had given to the jury. The trial justice wrote an elaborate rescript in which he quoted some of what appeared to him to be the more important evidence and drew conclusions therefrom that led him to differ radically with the jury as to whether plaintiff had proved her case on either count by a fair preponderance of the evidence. While he did not quote or refer to some of the testimony which plaintiff deems of great importance, we are of the opinion that he did not overlook or misconceive it. Rather, he apparently did not consider it of sufficient weight to discuss. This is especially true with reference to the expert testimony. It is clear from his rescript that he was strongly influenced by Dr. Lathrop's testimony of his extensive experience in performing mastoidectomies. And it is equally clear that he treated Dr. Gammell's testimony as being of much less importance because of his comparatively more limited experience. In fact he states in his rescript that the case actually turned on the testimony of those two experts.

The plaintiff contends that the trial justice in thus deciding to accept Dr. Lathrop's testimony and setting aside the jury's verdict because they had not done so, erred in law since he had expressly charged the jury that they could believe either expert; that it was for them only to decide which was worthy of belief; or they could accept some parts of either expert's testimony and reject other parts. This was indeed the law of the case for the jury and no fault can be found with their verdict as a matter of law because it reflects their belief in the testimony of Dr. Gammell rather than the testimony of Dr. Lathrop. But their choice was not binding upon the trial justice when, on the motion for a new trial, it became his duty independently to weigh the evidence and pass upon the credibility of the witnesses. We do not understand that he granted such motion because the verdict was against the law, but rather because in his opinion it was contrary to the weight of the evidence and was motivated by passion and sympathy.

In deciding the motion for a new trial the trial justice was not only free, but he was in duty bound, to exercise his independent judgment of the evidence and to determine in the light of his more comprehensive experience whether the verdict was supported by the weight of the credible evidence and did substantial justice between the parties. In discharging that duty he, too, could choose which of the two experts to believe and whether all or only a part of their testimony was acceptable. From our reading of the transcript and an examination of the exhibits, we do not wholly agree with his view, but at the same time we cannot say it is clearly wrong, and unless we are able to do that we cannot set aside his decision and reinstate the jury's verdict.

There is nothing in the record that would justify us in saying that his decision did not reflect a reasonable view of the evidence even though we might not agree with it. It is not the function of this court in considering an excep-

tion to the granting of a motion for a new trial to substitute our view of the evidence for that of the trial justice in such circumstances. Ultimately it is the jury's view of the weight of the evidence that will prevail and not the view of this court or the trial court. *Souza* v. *United Electric Rys.*, 54 R. I. 51. However, until the ultimate point is reached it is in the interest of justice that a new trial be had in a case like the instant one where the trial justice, after carefully weighing all the evidence, is convinced that the verdict of the jury does not correspond to the true merits of the controversy and thus fails to do substantial justice between the parties. The trial justice, therefore, did not err in granting the defendant's motion for a new trial and plaintiff's exception to his decision is overruled.

Since the case is to be tried again we shall refrain from treating defendant's exceptions to the rulings admitting or excluding evidence during the trial.

The plaintiff's exception to the granting of the motion for a new trial is overruled and her exception to the direction of a verdict for the defendant on the second count is sustained.

The defendant's exceptions to the denial of his motions for a directed verdict on the third and fourth counts and to the ruling allowing Dr. Edwin B. Gammell to testify as an expert are overruled.

Accordingly the case is remitted to the superior court for a new trial.

*Aaron Rickles, Aram A. Arabian,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring, Thomas J. Hogan, Joseph H. Gainer, Jr.,* for defendant.