18942. FISHBURNE *et al.* *v.* HARTSFIELD LOAN & SAVINGS CO.

DECIDED NOVEMBER 17, 1928.

*Levi O'Steen,* for plaintiffs in error.

*W. P. Kennedy, A. W. Clapp, Colquitt & Conyers,* contra.

STEPHENS, J. (After stating the foregoing facts.) The act of 1920, supra, provides as follows: "Every person, copartnership, and corporation licensed hereunder may loan any sum of money not exceeding in amount the sum of three hundred dollars ($300) and may charge, contract for, and receive thereon interest at a rate not to exceed three and one-half (3½%) per centum per month. Interest shall not be payable in advance or compounded and shall be computed on unpaid balances. In addition to the interest herein provided for, no further or other charge, or amount whatsoever for any examination, service, brokerage, commission or other thing, or otherwise, shall be directly or indirectly charged, contracted for, or received, except the lawful fees, if any, actually and necessarily paid out by the licensee to any public officer for filing or recording in any public office any instrument securing the loan, which fees may be collected when the loan is made or at any time thereafter. If interest or charges in excess of those permitted by this act shall be charged, contracted for, or received, the contract of loan shall be null and void and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever. No person shall owe any licensee, as such, at any time more than three hundred dollars ($300) for principal."

The contract expressly provides that if any installment of "either principal or interest" is not paid promptly when due, in-

terest is collectible "on the total unpaid balance" at the rate of
3½ per cent. per month "for the length of time such installment
or installments remain unpaid past maturity." As the contract
here provides that if any installment of "either principal or in-
terest" is not paid when due, additional interest is collectible on
the "total unpaid balance" for the period during which "such in-
stallment" remains unpaid, the "total unpaid balance" necessarily
refers to the principal and interest past due and unpaid. The
agreement to pay interest upon this unpaid balance is an agree-
ment to pay interest upon interest, and is therefore an agreement
compounding the interest, which, under the express provisions of
the act of 1920, supra, is prohibited. The act, after prohibiting
the compounding of interest, provides that "if interest or charges
in excess of those permitted by this act shall be charged, contracted
for, or received, the contract of loan shall be null and void and the
licensee shall have no right to collect or receive any principal, in-
terest, or charges whatsoever." This provision of the contract,
compounding the interest, is an agreement to pay interest in ex-
cess of that permitted by the act, and therefore, under the terms
of the act, renders the entire contract void and unenforceable, and
prevents the collection of the principal and interest and all charges
whatsoever evidenced by the contract.

The provision in the contract that the "total interest and
charges shall in no event exceed 3½% per month" is a limitation
only upon the amount of the charges contracted for. It merely re-
duces the contract to one in which the total amount collectible
shall not exceed 3½ per cent. per month, and does not eliminate
from the contract any agreement to pay a specific charge, as, for
instance, an agreement to pay compound interest, or a charge for
service, brokerage, commission, etc.

Whether the provision in the contract to pay attorney's fees is
such a charge as will, under the provisions of the act of 1920,
supra, render the contract void and unenforceable, the provision
whereby the obligors agree to pay "all costs of collecting, . .
securing, or attempting to collect or secure" the indebtedness evi-
denced by the contract, "including twenty (20%) per centum at-
torney's fees," provides for the payment of expenses and costs
other than, and in addition to attorney's fees. A charge for col-
lecting or securing the indebtedness which is other than a charge

for attorney's fees is a charge in addition to interest and the costs of filing and recording the contract, and is a charge expressly prohibited by the act of 1920, supra, and its presence in the contract, by the express terms of the act, renders the contract void and unenforceable, and the indebtedness, including the principal and interest and all charges evidenced thereby, uncollectible.

The contract sued on being void and unenforceable, the judgment of the municipal court, sustaining the demurrer, which was affirmed by the appellate division of that court, was not error. The judgment of the appellate division being correct, the judge of the superior court erred in sustaining the certiorari. See, in this connection, *Jobson* v. *Masters,* 32 *Ga. App.* 60 (122 S. E. 724).

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*