20138.   SEABOARD SECURITY CO. *v.* JONES *et al.*

DECIDED JANUARY 14, 1930.

*Robert T. Efurd,* for plaintiff.

*D. F. Black, George F. Fielding,* for defendants.

LUKE, J.   Seaboard Security Company procured a judgment against C. C. Jones and Mrs. Ludie Jones in a trover action in the municipal court of Atlanta.   On appeal the judge of the superior court, upon an agreed statement of facts, rendered a judgment in favor of the defendants.   The exception is to this judgment.

The action was brought to recover certain household and kitchen furniture conveyed by bill of sale to secure a $75 loan made under the act of 1920 (Ga. L. 1920, p. 215). The question for determination is whether the following provision in the bill of sale inhibits a recovery by the lender: "Grantor further agrees to pay reasonable attorney's fees or court costs incurred by the grantee in enforcing any part of this contract."

Section 13 of the act of 1920 is as follows: "Every person, copartnership and corporation licensed hereunder may loan any sum of money not exceeding three hundred dollars ($300), and may charge, contract for, and receive thereon interest at a rate not to exceed three and one half per centum per month. Interest shall not be payable in advance or compounded, and shall be computed on unpaid balances. In addition to the interest herein provided for, no further or other charge, or amount whatsoever for any examination, service, brokerage, commission or other thing, or otherwise, shall be directly or indirectly charged, contracted for, or received, except the lawful fees, if any, actually and necessarily paid out by the licensee to any public officer for filing or recording in any public office any instrument securing the loan, which fees may be collected when the loan is made or at any time thereafter. If any interest or charges in excess of those permitted by this act shall be charged, contracted for or received, the contract of loan shall be null and void and the licensee shall have no right to collect or receive any principal, interest or charges whatsoever. No person shall owe any licensee, as such, at any time more than three hundred dollars ($300) for principal."

Counsel for the plaintiff in error insists that since no overt act was made for the collection of "reasonable attorney's fees," the said agreement and contract to pay reasonable attorney's fees was void and was merely surplusage in said contract. True, the contract to pay attorney's fees is conditional, but it lies within the power of the lender to comply with the conditions prescribed in section 4252 of the Civil Code (1910), and procure judgment for such fees if they are not paid on or before the return day of the court to which the suit is brought. Under the provisions of the section of the act quoted, the stipulation in the contract for the payment of attorney's fees prevents the collection of the debt. See *Jobson* v. *Masters,* 32 *Ga. App.* 60 (122 S. E. 724) ; *Fishburne* v. *Hartsfield Loan & Sav-*

*ings Co.,* 38 *Ga. App.* 784 (145 S. E. 495). Therefore the court did not err in rendering a judgment for the defendants or in refusing to grant a new trial.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*