## 20361. SEABOARD SECURITY COMPANY *v.* CAMPBELL.

JENKINS, P. J.   1. Under the provisions of the act approved August 17, 1920 (Ga. L. 1920, p. 215, § 13), authorizing the lending of money in sums not exceeding $300 at a rate of interest not exceeding three and one half per cent. per month, "interest shall not be payable in advance or compounded and shall be computed on unpaid balances," and no further charge than the interest authorized shall be "directly or indirectly charged, contracted for, or received, except the lawful fees, if any, actually and necessarily paid out by the licensee to any public officer for filing or recording in any public office any instrument securing the loan, which fees may be collected when the loan is made or at any time thereafter." It is further provided that "if interest or charges in excess of those permitted by this act shall be charged, *contracted for,* or received, the contract of loan shall be null and void and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever." (Italics ours.)   *Fishburn* v. *Hartsfield Loan & Savings Co.,* 38 *Ga. App.* 784 (145 S. E. 495).   See also *Jobson* v. *Masters,* 32 *Ga. App.* 60 (122 S. E. 724).

2. In the instant suit in trover, brought by a licensee under the small-loan act cited above, to recover certain personalty described in a bill of sale executed by the defendant to secure a loan, where it appeared, without dispute, that on March 2, 1928, the defendant owed the plaintiff $130, balance of principal, and that she then renewed the loan, executed a new contract for $230, bearing interest at 3-1/2 per cent. per month, reciting that it was made under the provisions of the small-loan act of the General Assembly, and conveying the property in dispute to secure the loan, and where the defendant testified that on executing the contract for the increased amount she received only $92 from the plaintiff, and the plaintiff's agents testified that the full amount of the difference between the old loan and the new loan was paid over to the defendant, the evidence presented an issue of fact for determination by the jury, as to whether the plaintiff had "directly or indirectly charged, contracted for, or received" anything more than the interest and recording fees authorized by law.   It was not error for the judge of the municipal court to charge the jury that "if at the time the increase of $100 was made, as the defendant contends, she received only $92, that would bring the interest charged up to more than three and one half per cent. per month, then this conditional bill of sale would be void, under the law, and the plaintiff would not be entitled to recover." This charge was not an expression of opinion on the part of the court as to what had been proved by the defendant.   Especially is this true in view of the further charge of the court that the only question involved was whether the plaintiff charged the defendant more than 3-1/2 per cent. per month interest on the loan, and that if the plaintiff did not "take or reserve more than three and one half per cent. interest per month when this loan was increased from $130 to $230, then the plaintiff ought to recover in this case."

3. The evidence authorized the finding in favor of the defendant, and the verdict can not be set aside upon the general grounds, nor upon the

theory that the evidence failed to show that the plaintiff had actually collected and received more than the authorized rate of interest on the loan, since, under the express language of the statute, merely *contracting* for interest or charges in excess of those permitted by the act renders the contract null and void.

4. The judge of the superior court did not err in overruling the petition for certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 15, 1930.

*Robert T. Efurd,* for plaintiff.
*John W. Bollon, A. W. White,* for defendant.