20563.   FRAZIER *v.* CITY INVESTMENT COMPANY.

DECIDED DECEMBER 12, 1930.   REHEARING DENIED FEBRUARY 28, 1931.

*Poole & Fraser,* for plaintiff in error.

*George F. Fielding, Bond Almand,* contra.

STEPHENS, J. (After stating the foregoing facts.)

1. Since the act approved August 17, 1920 (Ga. L. 1920, p. 215), known as the small-loan act, permits, under prescribed rules and regulations, a loan of money not exceeding $300 at a rate of interest of 3-1/2 per cent. per month, and the petition alleged a compliance by the plaintiff with the provisions of the small-loan act, the defendant's plea, in so far as it alleges that the note sued on was infected with usury in charging interest at a rate in excess of 8 per cent. per annum, failed to allege an illegal and usurious charge of interest. The court therefore properly sustained the demurrer to the defendant's plea.

2. The proffered amendment, which was disallowed, alleged that $20.50 of the $250 which was the principal sum of the note sued on, represented the interest upon a note for $200 of a previous date which was charged at the rate of 3-1/2 per cent. per month, and that the note sued on, in providing for interest at the rate of 3-1/2 per cent. per month upon its principal sum of $250, provided for interest upon the $20.50, the $20.50 being interest which had accrued upon the former note. It is clearly apparent from the facts alleged in this amendment that the note sued on, which is in the principal sum of $250, does not represent an original transaction by which the sum of $250 was loaned to the maker of the note, but represents a transaction which, to the extent of $20.50 of the purported principal of the note, was a past-due indebtedness from the defendant to the plaintiff, which indebtedness was for in-

terest at the rate of 3-1/2 per cent. upon a former note. The only legal justification for the charge of interest at the rate of 3-1/2 per cent. a month is found in the so-called small-loan act of 1920, cited supra. The note sued on, in so far as the charge of interest contained therein at the rate of 3-1/2 per cent. per month represents a charge of interest upon interest which had accrued upon a former loan, amounts to a contract by which compound interest is charged. Under the express provisions of the small-loan act, as was held in *Fishburne* v. *Hartsfield Loan & Savings Co.*, 38 *Ga. App.* 784 (145 S. E. 495), this provision in the note invalidates the contract and prevents any recovery by the plaintiff of the "principal, interest, or charges whatsoever." This ruling is clearly distinguishable from the rulings of the Supreme Court of Georgia in the cases which hold that a contract to pay interest upon accrued interest, although the accrued interest was at the maximum rate permissible by law, was not infected with usury. See *Pinckard* v. *Ponder*, 6 *Ga.* 253; *Merck* v. *American Freehold Land Mortgage Co.*, 79 *Ga.* 213 (7 S. E. 265); *Ellard* v. *Scottish-American Mortgage Co.*, 97 *Ga.* 329 (22 S. E. 893). Although such a contract may not be infected with usury, it is nevertheless a contract compounding interest. *Haley* v. *Covington*, 19 *Ga. App.* 782 (92 S. E. 297), is distinguishable.

The judge of the municipal court erred in disallowing the amendment offered by the defendant, which alleged that the note sued on contained an agreement to pay what amounted to compound interest. The court having erred in disallowing the proffered amendment the subsequent proceedings which resulted in a verdict and judgment for the plaintiff were nugatory. The superior court therefore erred in overruling the certiorari.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*