20664. HARTSFIELD COMPANY *v.* RAY *et al.*

JENKINS, P. J. Where, in a petition for certiorari, exception was taken to a judgment of the appellate division of the municipal court of Atlanta affirming a judgment of the trial judge in that court overruling a motion for a new trial, and, in conformity with the ruling in *Jeter* v. *Turman-Brown Co.,* 169 *Ga.* 30 (149 S. E. 555), that an "appeal to the appellate division of the municipal court of Atlanta, provided by law, is a review of the judgment of the trial judge in overruling the motion for a new trial, such as necessitates an assignment of error upon his ruling," the appellants, among various assignments of error, specifically assigned error upon the judgment of the trial judge refusing a new trial, the judgment of the superior court sustaining the certiorari can not be reversed on the ground that the appeal was invalid.

2. The act of the General Assembly approved August 17, 1920 (Ga. L. 1920, p. 215, § 13), known as the "small-loan act," prohibits the direct or indirect charging, contracting for, or receiving of more than three and one half per centum per month as interest. The evidence submitted in the instant case would have authorized a finding that more than that

638

per centum per month was charged or contracted for, in that the note sued on was dated and began to draw three and one half per cent. a month interest five days before the loan was actually made; and while there is some testimony that the first payment of interest represented only the period between the actual turning over of the money and the date of the interest payment, it is not indicated that any agreement so to do was made at the time the contract was consummated. Consequently, in the absence of any such proof, it is inferable that more than three and one half per cent. per month was originally charged or contracted for; and since "the judgment of the superior court sustaining the certiorari in this case was equivalent to the first grant of a new trial, and the verdict not having been absolutely demanded by the evidence, this court will affirm the judgment, and in doing so will make no adjudication as to the merit of any of the special grounds of the motion for a new trial made and denied in the municipal court." *National Union Fire Ins. Co.* v. *Ozburn*, 38 *Ga. App.* 276 (143 S. E. 623); *Driskell* v. *Hardin*, 39 *Ga. App.* 208 (146 S. E. 349).

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 13, 1931.

*Burress & Dillard,* for plaintiff.
*Durwood T. Pye,* for defendants.