22722.   LANIER *et al. v.* CONSOLIDATED LOAN AND
FINANCE COMPANY.

DECIDED JUNE 29, 1933.

*E. L. Smith & Son,* for plaintiff in error.
*Lewis A. Peacock, Bennet & Peacock,* contra.

GUERRY, J.   Mrs. A. H. Lanier and A. H. Lanier, hereinafter called plaintiffs in error, on November 8, 1929, executed a series of twenty notes to Mrs. A. P. Lane for the principal sum of $25 each, with interest at 8 per cent. per annum, secured by deed to land.   The Consolidated Loan and Finance Company purchased eleven of these notes from Mrs. Lane.   Four of them were paid after they came into the hands of the loan company, and on April 1, 1931, the loan company held seven of them amounting to $175 with $22 accrued interest at 8 per cent. due thereon.   On this date, April 1, 1931, plaintiffs in error borrowed from the loan company an additional sum of $53; so that they owed the loan company $175 principal and $22 interest on the 8 per cent. transaction, and $53 cash borrowed on April 1, 1931.   The loan company had them to execute a note for $250 covering these three items, which note provided for the payment of interest at 3-1/2 per cent. on "the unpaid principal balance," the note being made under the terms and conditions of the small-loan act.   It further provided, "This note given in conjunction with 7 $25 notes on our house in Avalon."   This note was foreclosed for the sum of $140.08, balance due on June 15, 1932.   The defendants filed an affidavit of illegality with various amendments, and the plaintiff filed various demurrers, and on August 13, 1932, the court sustained the demurrers and dismissed the affidavit of illegality.   On this judgment the defendants assign error.

Only the 3d headnote needs elaboration. The main question for determination in this case is whether or not the court erred in dismissing the affidavit of illegality, which alleged that the $22 interest which had accrued on the loan of $175 amounted to such a compounding of interest as voided the loan made under the small-loan act of 1920, which allows the charging of 3-1/2 per cent. interest per month. This court specifically held in the case of *Frazier* v. *City Investment Co.*, 42 *Ga. App.* 585 (157 S. E. 102), that "The note sued on, in so far as the charge of interest contained therein at the rate of 3-1/2 per cent. per month represents a charge of interest upon interest which had accrued upon a former loan, amounts to a contract by which compound interest is charged." It is insisted by the loan company in the instant case that this provision with reference to the compounding of interest, and interest on unpaid balances, pertains only to renewal contracts made under the small-loan act. We can not agree with this contention. This act is in derogation of common law and must be strictly construed. Its language is clear and unequivocal, and does not limit this provision as to compounding interest or its operation relative thereto to transactions involving 3-1/2 per cent. interest. This provision that interest shall not be compounded and shall be computed on unpaid balances is unrestricted and relates to any transaction between the parties in which interest is compounded. It is not unlawful to agree to pay interest on interest which is past due. *Haley* v. *Covington*, 19 *Ga. App.* 782 (92 S. E. 297); *Almand* v. *Equitable Mortgage Co.*, 113 *Ga.* 983, 987 (39 S. E. 421). A stipulation in a note that interest shall be paid annually renders the past-due obligation a liquidated demand which itself bears interest. *Butler* v. *First National Bank of Greenville*, 13 *Ga. App.* 35 (78 S. E. 772), and cit. These cases may be clearly distinguished from that of *Frazier* v. *City Investment Co.*, supra, and the present case. A contract may not be infected with usury, and nevertheless may be a contract compounding interest; and compounding interest is strictly prohibited by the small-loan act. If the loan company had loaned to the plaintiffs in error the money with which to pay the seven $25 notes bearing interest at 8 per cent., and this had been an original transaction, this would have been a valid contract under the small-loan act. It appears, however, that the loan company was itself the owner of the seven $25

notes bearing interest at 8 per cent.; and it may not incorporate accrued interest on such a loan in a new note and charge interest thereon at the rate of 3-1/2 per cent. per month, as such a condition is compounding interest, and is in conflict with the strict prohibition of the small-loan act.

The small-loan act in its caption refers to the fact that it allows the making of loans at a greater rate of interest than 8 per cent. per annum. It provides strict terms and conditions by which such loans may be made legal, and provides that a failure to comply strictly with such terms invalidates the loan. It provides that interest shall not be compounded, and shall be computed on unpaid balances. It does not say that such interest or such computation on unpaid balances is limited to loans of 3-1/2 per cent. interest made under the provisions of this act; and as the legislature evidently intended to put the strictest of safeguards and conditions around contracts made under this act, it being recognized that the charges made thereunder are exceptional, this court will not, by construction, limit the language used in the act itself. Obviously it was not the intent of the legislature to make it possible for loan companies to buy up collectible notes or accounts, advance to the debtor a small additional amount when the same fell due, and take a renewal note for the entire amount at 3-1/2 per cent. interest per month; thus increasing the debtor's burden from 8 per cent. per annum to 3-1/2 per cent. per month. Debtors in dire distress will often accept drastic terms to "ward off the evil day." It will readily be seen that if loan companies operating under this small-loan act were permitted to purchase other obligations, drawing interest at seven or eight per cent., against citizens, this might be used as a means of inducing such citizens to enter into contracts with such loan companies, and might allow such companies to include not only the principal but the interest in the contracts so purchased, on which such citizens would be compelled to pay this unusual rate of interest. Neither the nature nor the verbiage of the act permits of an enlargement of its terms in the construction thereof. The act itself throws various restrictions around these companies with reference to license, the posting of license, the place of business, the notice of a change of place of business, the right of the licensing official to investigate loans and the business of the licensee, the keeping of records with reference thereto, the giving

of a statement at the time of making a loan, and other provisions which show conclusively that the purpose of this act was to limit its operation.

The court erred in dismissing the affidavit of illegality.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*