23821. SOUTHERN LOAN COMPANY *v.* McDANIEL *et al.*

DECIDED DECEMBER 18, 1934.

*S. F. Sapp, Henry Wilkinson, H. A. Wilkinson,* for plaintiff.
*R. R. Jones,* for defendant.

MacIntyre, J. 1. The small-loan act of 1920 provides, in part, that every person, firm, or corporation licensed thereunder may loan any sum of money not exceeding $300, and may charge, contract for, and receive thereon interest not exceeding 3-1/2 per cent. per month, which shall not be payable in advance or compounded and shall be computed on unpaid balances of principal only. The act further provides that "in addition to the interest herein provided for, no further or other charge, or amount whatsoever for any examination, service, brokerage, commission or other thing, or otherwise, shall be directly or indirectly charged, contracted for or received, except the lawful fees, if any, actually and necessarily paid out by the licensee to any public officer for filing or recording in any public office any instrument securing the loan, which fees may be collected when the loan is made or at any time thereafter. If interest or charges in excess of those permitted by this act shall be charged, contracted for or received, the contract of loan shall be null and void and the licensee shall have no right to collect or receive any principal, interest or charges whatsoever." The act pro-

vides also that no person shall owe any licensee more than $300 for principal at any time. Ga. L. 1920, p. 215, 219; Michie's Code, § 1770 (73); *Davis* v. *Atlanta Finance Co.,* 160 *Ga.* 784 (129 S. E. 51); *Lanier* v. *Consolidated Loan & Finance Co.,* 47 *Ga. App.* 148 (170 S. E. 99).

2. A provision in a note given to evidence a loan made pursuant to the small-loan act of 1920, that any judgment rendered thereon should "bear interest at the same rate of interest this note bears," does not render the contract of loan null and void, in that it in effect permits interest to be charged upon interest, which is prohibited by the terms of this act. A judgment may be legally entered up for the principal sum and the interest due on the claim sued on to date of judgment. However, such a judgment bears interest only from its date on the principal sum. The interest found to be due at date of judgment does not bear interest. Civil Code (1910), § 3432, § 5936; *Ivester* v. *Brown,* 157 *Ga.* 376 (121 S. E. 241); *Hubbard* v. *McRae,* 95 *Ga.* 705 (22 S. E. 714); *Linder* v. *Renfroe,* 1 *Ga. App.* 58, 62 (57 S. E. 975). An intention contrary to the law should not be read into a contract by placing such a construction upon a provision therein, when the provision is just as susceptible of a construction that will show a lawful intention on the part of the parties. *Virginia Bridge & Iron Co.* v. *Crafts,* 2 *Ga. App.* 126 (58 S. E. 322); *Polls* v. *Riddle,* 5 *Ga. App.* 378 (63 S. E. 253); *Luke* v. *Livingston,* 9 *Ga. App.* 116 (72 S. E. 191); *Palmer Brick Co.* v. *Woodward,* 138 *Ga.* 289, 294 (75 S. E. 480). For instances where contracts under the small-loan act of 1920 have been declared by the appellate courts to be null and void because of compounding interest and contracting for excess charges in violation of its terms, see *Jobson* v. *Masters,* 32 *Ga. App.* 60 (122 S. E. 724); *Fishburne* v. *Hartsfield Loan & Savings Co.,* 38 *Ga. App.* 784 (145 S. E. 495); *Seaboard Security Co.* v. *Jones,* 40 *Ga. App.* 710 (151 S. E. 412); *Seaboard Security Co.* v. *Campbell,* 42 *Ga. App.* 299 (155 S. E. 779); *Frazier* v. *City Investment Co.,* 42 *Ga. App.* 585 (157 S. E. 102); *Hartsfield Co.* v. *Ray,* 42 *Ga. App.* 637 (157 S. E. 111).

3. The note sued on, which was executed to evidence a loan of money made under the small-loan act of 1920, provided that "all money paid on this note shall be applied first to the payment of any court costs legally incurred by *the holder* hereof in any proceed-

ing properly brought hereon, second to the payment of unpaid accrued interest, and third to payment of principal sum repayable herein." This is a provision authorizing an extra charge in violation of the terms of the act. *Jobson* v. *Masters, Fishburne* v. *Hartsfield Loan &c. Co., Seaboard Security Co.* v. *Jones,* supra. As an illustration, if the holder of the note had sued and gotten a judgment in the trial court and the defendant had taken the case to the Court of Appeals, and the judgment had been reversed on an error in the charge, the defendant, having prevailed in the case in the Court of Appeals, would not be liable for the costs in that court. Yet, under the contract in the instant case, the holder (plaintiff) would have legally incurred this cost in a proceeding properly brought upon the note, and the contract would say to the defendant: "You are liable for this Court of Appeals' cost for which you would not be liable except for the stipulation in the note." See, in this connection, *Walker* v. *Hillyer,* 130 *Ga.* 466 (61 S. E. 8).

4. "Every person who brings himself within the provisions of the small loan act of 1920, so as to be authorized to enforce a contract for interest at the rate of 3-1/2 per cent. per month, must, as conditions precedent to such alleged right, show (1) that he was a licensee under this act, (2) that the contract sought to be enforced was made under such license and at the place of business therein designated, (3) *that the contract does not upon its face show any violation of this act or failure to comply with its mandatory provisions* [italics ours], and (4) that he delivered to the borrower at the time of the loan the statement prescribed by section 14 of the act." *Jobson* v. *Masters,* supra. Section 15 of the act in question provides that "No licensee shall take any confession of judgment or any power of attorney." The note sued on violates this section of the act, and shows a failure to comply with the third condition precedent set forth in *Jobson* v. *Masters,* supra, in that it provides that if the maker or any indorser is ever adjudicated a bankrupt, "I hereby authorize and empower the holder hereof in my place and stead to make claim for so much homestead as will be necessary to finish paying off this note, principal and interest."

5. The fact that no costs have been collected of the defendants under this note, or the fact that the power of attorney contained herein has not been exercised, does not prevent the note from being in violation of the terms of the small-loan act. *Seaboard Security*

*Co.* v. *Jones,* supra. The act provides that charges in excess of those specified therein must not be contracted for. In *Johnson* v. *Masters,* supra, it is provided that as a condition precedent, before a loan made under the act is lawful, the note must not show on its face any violation of the terms of the act. It is evident from the safeguards thrown around operations under this act, and from the trend of the decisions of the courts construing the same, that it is meant to strictly control and limit the acts and doings of those licensed thereunder to make these loans and receive this high rate of interest. *Lanier* v. *Consolidated Loan &c. Co.,* supra.

6. It therefore follows that when the case came on for trial in the superior court, on appeal from the justice's court, the trial judge properly sustained a motion of the defendants to dismiss the plaintiff's case because the instrument sued on showed on its face that it was, under the small-loan act of 1920, void and unenforceable in toto.

*Judgment affirmed, Broyles, C. J. and Guerry, J., concur.*