CLARA M. HOWARD, PLAINTIFF-RESPONDENT, v. CONFIDENTIAL LOAN PLAN, DEFENDANT-APPELLANT.

Submitted May 7, 1940—Decided May 27, 1940

Before Justices Trenchard, Bodine and Porter.

For the defendant-appellant, *Eisenstein & Eisenstein* (*Louis Eisenstein*).

For the plaintiff-respondent, *Frank Boehler*.

PER CURIAM.

The plaintiff borrowed $175 from a small loan company. She gave as security a chattel mortgage upon her automobile. Being in default, the defendant seized the car and placed it in a public garage. A few days later, the plaintiff tendered a check to the defendant in the full amount due upon her note. She was, however, obliged to pay the garageman his charges in addition before she could recover her car. Therefore, she brought this action under the admirable provisions of *N. J. S. A.* 17:10-14, and had judgment for the full amount paid the defendant.

The argument seems to be made that the garageman's charge was not an exaction made by the defendant and that, therefore, the drastic provisions of the statute should not apply. The fault with the reasoning is that the legislature has used very general language forbidding its licensees to do certain things deemed not in the public interest. Charges not authorized by the statute are not to be made except in two instances, and that is (1) on actual sale of the security in foreclosure proceedings; or (2) upon the entry of judgment. The garageman in towing the plaintiff's car and storing it at the command of defendant's bailiff was acting for the defendant and the charge for services rendered was an exaction from the plaintiff for the benefit of the defendant. The defendant causing such action has no means to defeat the legislative edict that the plaintiff may recover all sums which she has paid or returned to the lender, if any unauthorized exaction is made. The greed of the money lenders must be curbed.

The judgment is affirmed, with costs.