## In re RADNER.

District Court, S. D. New York.

Feb. 6, 1941.

William Stephen Brown, of New York City, for trustee.

Abraham J. Halprin, of New York City, for Madison Personal Loan, Inc.

CONGER, District Judge.

This is a petition, by the trustee, to review a Referee's order dated November 9, 1940, on the grounds that the Referee erred on the law.

The facts have been stipulated. On June 23, 1939, the bankrupt executed a promissory note to Madison Personal Loan, Inc., for $287, with interest at the maximum legal rate allowed by Article IX, § 340 et seq., of the New York Banking Law, Consol.Laws, c. 2. As security, the loan company took a chattel mortgage on bankrupt's automobile and household effects.

Previously the bankrupt had secured from the same loan company a loan for a different sum, as to which, on June 23, 1939, there was an unpaid principal balance of $158.19 and interest. Out of the proceeds of the second loan, the loan com-

pany drew a check to the order of the bankrupt and his wife for the sum of $159.29, representing the unpaid principal of $158.19 and $1.10 interest computed to the day of reckoning, namely, June 23, 1939. This check was endorsed by the bankrupt and his wife to the loan company, thus liquidating the old indebtedness. The balance, to wit: $127.71 was turned over to the bankrupt.

A default occurred on July 23, 1940, and there is now due $128.94, representing unpaid principal plus interest. The loan company has elected to proceed against the security and seeks the automobile to which it has title under the chattel mortgage, and of which the trustee has possession.

The trustee has opposed the loan company's claim on the ground that the above described transaction violates Section 352 of the New York Banking Law in that it comprises a contract to "compound interest", and hence that the whole transaction is void and uncollectible. The Referee has ruled for the Madison loan company, and has directed the trustee to turn over the automobile.

The question presented is whether the loan company compounded interest upon the loan in question and whether this violated Section 352 of the Banking Law which reads in part as follows:

"* * * No interest, consideration, or charge for the use of money shall be deducted or received in advance or compounded, and all interest, consideration and charges for the use of money shall be computed on unpaid principal balances. * * *

"If any interest, consideration or charges in excess of those permitted by this act are charged, contracted for, or received the contract of loan shall be void and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever."

No authorities in New York determinative of the question have been found. There are, however, a number of recent cases in the appellate courts of other jurisdictions, namely, Georgia and Pennsylvania, construing statutes practically identical in phraseology with the New York statute, expressly forbidding interest to be compounded. See Frazier v. City Investment Co., 1930, 42 Ga.App. 585, 157 S.E. 102; Lanier v. Consolidated Loan & Finance Co., 1933, 47 Ga.App. 148, 170 S.

E. 99; Fishburne v. Hartsfield Loan Co., 1928, 38 Ga.App. 784, 145 S.E. 495; Nash Loan Co. v. Dixon, 1935, 181 Ga. 297, 182 S.E. 23.

The Frazier and Lanier cases, supra, the first two cases, are expressly in point. In the Frazier case there was a suit on a $250 note payable in 10 monthly installments of $25 each, and providing for interest at 3½% per month on the unpaid balances until paid. The note sued upon was a renewal of a previous note for $200, and included in its principal the sum of $20.50, which was the accrued interest on the earlier note, at the rate of 3½% per month. The new note called for a similar rate of interest. The Court said [42 Ga.App. 585, 157 S.E. 103]:

"It is clearly apparent from the facts alleged in this amendment that the note sued on, which is in the principal sum of $250, does not represent an original transaction by which the sum of $250 was loaned to the maker of the note, but represents a transaction which, to the extent of $20.50 of the purported principal of the note, was a past-due indebtedness from the defendant to the plaintiff, which indebtedness was for interest at the rate of 3½ per cent. upon a former note. The only legal justification for the charge of interest at the rate of 3½ per cent. a month is found in the so-called Small Loan Act of 1920, cited supra.

"The note sued on, in so far as the charge of interest contained therein at the rate of 3½ per cent. per month represents a charge of interest upon interest which had accrued upon a former loan, amounts to a contract by which compound interest is charged. Under the express provisions of the Small Loan Act, as was held in Fishburne v. Hartsfield Co., 38 Ga.App. 784, 145 S.E. 495, 496, this provision in the note invalidates the contract and prevents any recovery by the plaintiff of the 'principal, interest, or charges whatsoever.'"

In the Lanier case, supra, it was held that the court below erred in dismissing an affidavit of illegality where a licensed lender had made a $250 note bearing interest at the maximum rate, and out of the proceeds had paid off $175 principal and $22 interest on a prior loan, and given the borrower the remaining balance of $53. This case was cited with approval by the highest court of Georgia, in Nash Loan Co. v. Dixon, supra.

The Superior Court of Pennsylvania held a transaction similar to the present one illegal in Commonwealth v. State Loan Corporation, 1935, 116 Pa.Super. 365, 176 A. 516. There a loan was made in the sum of $150 with interest at the rate of $3\frac{1}{2}\%$ a month, repayable in 20 equal monthly installments of $7.50 each. Thereafter there was a further loan in the sum of $30, with interest at the rate of $3\frac{1}{2}\%$ per month. After a default, a third note was executed at the same rate of interest, for $200. The $200 represented $134.36 as the balance of principal due on the $150 note, and interest thereon of $35.27; also of $22.60 as the balance of principal due on the $30 note, and interest thereon of $2.07, as well as other items not here material. The earlier loans were marked paid when the $200 note was executed. The court held this to be a "compounding" of interest in violation of the Statute.

The loan company in support of its contention cites Commonwealth v. Globe Discount and Finance Corporation (decided May, 1940, Superior Criminal Court, Massachusetts, unreported). This was a proceeding instituted in the Superior Criminal Court of Massachusetts against the defendant for violation of the Small Loan Act. The case was submitted on an agreed state of facts which involved a similar situation as here present. The court dismissed the complaint. The loan company herein has submitted an extract from the brief of the prosecutor in that case which cited all the Georgia cases above mentioned, and then states that the Court overruled the contention of the prosecutor and discharged the defendant. No opinion is submitted in the brief. This case, however, has not the persuasive force of the recorded appellate decisions above mentioned. In the first place the statute of Massachusetts differs from that of New York. It does not in express terms prohibit the compounding of interest. In addition the Massachusetts decision is that of a court of first instance, rendered without opinion.

In the case at bar, moreover, the loan company has not on principle persuaded the court that the statute has not been violated. Several arguments are advanced in support of such contention. It is said that since the former loan was paid off, and the former mortgage cancelled and discharged, the new loan is to be considered as a separate contract. This argument appears to be specious. It cannot be said that the new obligation is a totally independent transaction. The Court cannot close its eyes to the fact that the second loan is merely a renewal of the earlier loan. In the Georgia and Pennsylvania cases above mentioned the new loans were likewise renewals of the old loans. The "payment" of the old loan in these transactions is merely a payment in form.

■ The loan company also quotes authority to show that an agreement to pay interest on accrued interest is not invalid. Such authority, however, has nothing to do with violations of the so-called Small Loan Act. It is of course clear that usury does not necessarily result from the compounding of interest where the Small Loan Acts are not involved. In the Pennsylvania case, Commonwealth v. State Loan Corporation, supra, [116 Pa.Super. 365, 176 A. 518], it is stated: "While it may be conceded that the compounding of interest is sometimes permissible, interest upon interest or compound interest is allowed only in special cases, as where there is a settlement of accounts between the parties after interest has become due. Moll v. Lafferty, 302 Pa. 354, 153 A. 557. This is not so where, as here, a large rate of interest is originally charged, as provided for in the statute, and there is a specific provision that no additional charges, etc., shall be made. That is an express warning to money lenders that interest cannot be compounded."

■ It is the policy behind the specific language of the Small Loan Acts that is important. Such Small Loan Acts were enacted to prevent the charge of excessive interest to impecunious borrowers, who otherwise would fall into the hands of the unscrupulous. As a result, reputable concerns have gone into the business of making small loans pursuant to the specific provisions of Article IX of the Banking Law. It is clear, however, that the interest charged in such cases is still considerably above that made for larger loans by ordinary banking institutions. The statute is therefore to be strictly construed; otherwise its very purpose would be defeated.

■ In the case at bar there is a violation of the specific provision against compounding of interest. As stated in the Pennsylvania case, Commonwealth v. State Loan Corporation, supra: "It would be against public policy thus to impose additional interest upon those who must by

force of necessity pay high rates to provide for their immediate needs. An act of Assembly of this character should receive an interpretation favorable to the borrower, * * *".

By reason of the above, I hold there was a "compounding of interest" within the terms of the prohibition expressed in Section 352 of the New York Banking Act, and therefore, since I hold the loan is void under the aforesaid section, the petition to review is granted, the Referee's order is reversed, and the matter remanded to the Referee with instructions to enter an order granting relief requested in the trustee's answer. Settle order on notice.