225 So.2d 782

**NEW FINANCE, LTD.**

v.

**Martha ELLIS.**

6 Div. 283.

Court of Appeals of Alabama.

April 29, 1969.

Rehearing Denied June 17, 1969.

Irwin W. Coleman, Jr., of Lyons, Pipes & Cook, Mobile, amicus curiae, in behalf of appellee.

Wingo, Bibb, Foster & Conwell, Birmingham, for appellant.

PRICE, Presiding Judge.

New Finance, Ltd., brought suit against Martha Ellis on a loan contract executed under the Alabama Small Loan Act. The trial court awarded judgment in favor of defendant and plaintiff has appealed.

The stipulated facts show that appellant, a licensee under the Alabama Small Loan Act, loaned a sum of money to appellee. The loan contract, supplied by the lender, contained a provision whereby appellee agreed to "pay all expenses of collection of this note, with or without suit including a reasonable attorney's fee, paid to the lender's attorney."

The complaint, in pertinent part, avers:

"Count (2) Plaintiff claims of the defendant the sum of $51.00 due by note made by defendant on to-wit: 9/3/63 and payable with interest and plaintiff avers that as part of said contract defendant waived her right to exemption as to personal property and agreed to pay a reasonable attorney's fee, which he also claims, to-wit: $20.20 * * *."

J. Vernon Patrick, Jr., of Berkowitz, Lefkovitz, Vann, Patrick & Smith, Birmingham, for appellee.

The defendant filed plea of recoupment, as follows:

"Now comes the defendant, Martha Ellis, and claims of the plaintiff, New Finance, Ltd., by way of recoupment, the sum of Thirty-six and No/100 ($36.-00) Dollars for money heretofore paid by defendant to plaintiff in payment of a loan contract entered into by defendant, as borrower, and plaintiff, as lender, in 1963, with respect to a loan of to-wit, Sixty and No/100 ($60.00) Dollars, which loan was governed by the Alabama Small Loan Act, and which loan contract was void and invalid under said Act; and defendant further claims of the plaintiff an attorney's fee of Twenty and No/100 ($20.00) Dollars as authorized by the Alabama Small Loan Act, which sums of money are due, owing and unpaid."

The court rendered judgment in favor of defendant and against the plaintiff under the defendant's plea of recoupment for "the sum of $56.00 (comprised of principal claim of $36.00 plus an attorney's fee of $20.00)."

The Alabama Small Loan Act as set forth in Title 5, Section 277 et seq., after providing for interest charges and the cost of filing and recording the contract, reads in Section 290(8) in part, as follows:

"No further or other charges shall be directly or indirectly contracted for or received by any licensee, including insurance premiums of any kind, except those specifically authorized by this article. * * * If any amount in excess of the charges permitted by this article is charged, contracted for, or received, except as the result of an accidental and bona fide error of computation, the contract of loan shall be void and the licensee shall have no right to collect or receive any cash advanced, charges or recompense whatsoever; * * *. Any borrower may recover the full amount of principal and charges paid by him on any contract made in violation of this section, together with a reasonable attorney fee, * * *."

The question for determination is whether under the language of the statute just quoted the provision in the loan contract for the payment of attorney's fees rendered the loan void. This specific question has not been decided in our Appellate Courts.

In Seaboard Security Co. v. Jones, 40 Ga.App. 710, 151 S.E. 412, under a Small Loan Act providing that in addition to the interest authorized, "no further or other charge or amount whatsoever for any examination, service, brokerage, commission or other thing or otherwise, shall be directly or indirectly charged, contracted for or received, except the lawful fees, if any, actually and necessarily paid out by the licensee to any public officer for filing or recording in any public office any instrument securing the loan, which fees may be collected when the loan is made at any time thereafter," it was held that a stipulation in a loan contract for the payment of attorneys' fees vitiated the contract and rendered the loan uncollectable.

To like effect is the holding of the court in the following cases: Fishburne v. Hartfield Loan & Sav. Co., 38 Ga.App. 784, 145 S.E. 495; Schultz v. Provident Loan Ass'n., 289 Ky. 25, 157 S.W.2d 736; Lackawanna Thrift & Loan Corp. v. Kabatchnick, 145 Pa.Super. 52, 20 A.2d 903; Ideal Financing Ass'n v. La Bonte, 120 Conn. 190, 180 A. 300.

In Rockland-Atlas National Bank of Boston v. Murphy, 329 Mass. 755, 110 N.E. 2d 638, the note contained a provision that "in case of default there should be added to the unpaid balance due the costs and expenses of collection, including an attorney's fee * * *." The court held that the statute "excludes every expense other than interest with the exception of a charge not exceeding $5.00 'for the actual expense of making and securing the loan'. The implication is plain that no other expense is allowable. The judge was right in refusing

to find that the plaintiff was entitled to recover an attorney's fee."

In Howard v. Confidential Loan Plan, 125 N.J.L. 74, 13 A.2d 492, the borrower sued to recover an amount paid in connection with a loan. The court held that the charge for towing and storage of her automobile seized upon default in payment was an exaction from the borrower for the benefit of the lender and a violation of the Small Loan Act. The court said:

"The defendant causing such action has no means to defeat the Legislative edict that the plaintiff may recover all sums which she has paid or returned to the lender, if any unauthorized exaction is made. The greed of the money lenders must be curbed."

In other jurisdictions the courts have expressed differing views, depending upon the particular provisions of the various small loan acts, but it seems clear that our statute invalidates the loan contract if charges other than those expressly permitted by the act should be included. We are of opinion the addition of an attorney's fee vitiated the contract. The trial court did not err in rendering judgment for the defendant.

Affirmed.