### 47805. ROBERTS v. ALLIED FINANCE COMPANY.

EBERHARDT, Presiding Judge. On April 13, 1971, defendant Ann Roberts entered into a loan agreement with plaintiff Allied Finance Company, a licensee under the Industrial Loan Act (Code Ann. § 25-301 et seq.). The note sued upon provided for 15 monthly instalment payments of $30, a total of $450, commencing on May 13, 1971 with final instalment due July 13, 1972. Defendant made a payment in May and one in July, but defaulted completely thereafter. On November 23, 1971, in accordance with a provision of the contract authorizing acceleration of "all remaining instalments," plaintiff accelerated the entire unpaid balance on the note, including interest which was discounted in advance for computational purposes but which was necessarily included in the instalment payments.

On December 10, 1971, plaintiff filed suit for this entire amount plus late charges. Defendant answered alleging that the claim sued upon was void under the Industrial Loan Act, and asserting a counterclaim pursuant to 15 U. S. C. § 1640 (Supp. 1972) for plaintiff's alleged violation of the Truth in Lending Act (15 U. S. C. § 1601 et seq. (Supp. 1972)) and Regulation Z, 12 C. F. R. § 226.8. At the trial defendant moved for a directed verdict as to the plaintiff's claim and as to her counterclaim. The motions were overruled, and judgment was entered in plaintiff's favor in the amount sued for and also in plaintiff's favor on defendant's counterclaim. Defendant appeals. *Held:*

1. *The Main Claim.*

(a)  Judgment was demanded for defendant on plaintiff's claim, and it was error to overrule the motion for directed verdict and enter judgment in any amount for plaintiff. Under Code Ann. § 25-315 (a), the maximum allowable rate of interest is 8 percent per annum on the face amount of the contract. Here the face amount ($450)[1] times maximum rate (.08) times the period of the

---

[1]The "face amount" here is the same as the amount of the note and total of payments and includes interest provided for by Code

contract (1.25 years) equals $45, the precise interest charged and maximum allowable on the note. The total of payments — amount of note, or $450, includes this interest charge of $45; and the $450, which includes the interest, is to be repaid in 15 monthly instalments of $30. The result is that when plaintiff elected to declare "all remaining instalments at once due and collectible" as the contract provides, plaintiff, by authority of this acceleration clause, charged defendant with the total amount of the interest within a period of indebtedness of less than eight months, instead of the original 15 months upon which interest was computed to the maximum allowed by § 25-315 (a). Hence the effective interest rate calculated upon the contract period as foreshortened is greater than 8 percent per annum (see *Reese v. Termplan, Inc.,* 125 Ga. App. 473 (2) (188 SE2d 177)); and, since this result is directly attributable to the exercise of the contract clause providing for acceleration of "instalments," which include discounted interest, the obligation as thus accelerated is void and unenforceable.[2] Code Ann. § 25-9903; *Lewis v. Termplan, Inc.,* 124 Ga. App. 507 (184 SE2d 473). It is somewhat like compounding interest, as to which see *Nash Loan Co. v. Dixon,* 181 Ga. 297 (182 SE 23); *Frazier v. City Investment Co.,* 42 Ga. App. 585 (2) (157 SE 102); *Lanier v. Consolidated Loan & Finance Co.,* 47 Ga. App. 148 (3) (170 SE 99). Accordingly, the judgment must be reversed with direction that judgment be entered in defendant's favor as to the main claim. Code Ann. § 81A-150 (e).

We do not hold that there can be no acceleration of the debt — we simply hold that the acceleration, combined with a claim of unearned interest, renders the obligation usurious and void under the provisions of the Industrial Loan Act.

(b) The above ruling disposes of the main claim entirely, rendering it unnecessary to rule upon defendant's motion for partial directed verdict as to the method of assessment of late charges.

---

Ann. § 25-315 (a), and the fee provided for by § 25-315 (b), since the loan contract is repayable in 18 months or less and the interest is discounted in advance. See *McDonald v. G. A. C. Finance Corp.,* 115 Ga. App. 361 (154 SE2d 825) and cits.

[2] An excellent case note on the matter of accelerating industrial loans whether the maker has defaulted in payment of the installments, as affecting the interest charged, written by Henry L. Bowden, Jr., appears in 9 GSBJ 380 (February, 1973 issue).

2. *The Counterclaim.*

(a) One ground of the counterclaim asserted pursuant to 15 U. S. C. § 1640 (Supp. 1972) was that plaintiff failed to provide defendant with a copy of required Truth in Lending disclosures before the transaction was consummated in violation of Regulation Z, 12 C. F. R. § 226.8 (a). While defendant testified that her copy of the disclosure statement was mailed to her, the statement itself, dated April 13, 1971, recites "the undersigned acknowledges receipt of a copy of this disclosure statement," beneath which appears a signature acknowledged by defendant to be hers. In these circumstances it does not appear that plaintiff violated 12 C. F. R. § 226.8 (a) in the manner contended. Compare *Chrysler Credit Corp. v. Barnes,* 126 Ga. App. 444, 452 (191 SE2d 121).

(b) Nor is a finding demanded that plaintiff violated 12 C. F. R. § 226.8 by failing to label the fee charged pursuant to Code Ann. § 25-315 (b) a "prepaid finance charge." While 12 C. F. R. § 226.8, paragraphs (e) (1) and (d) (2), provide that any finance charge paid separately, in cash or otherwise, directly or indirectly to the creditor or withheld by him from the proceeds of the credit extended shall be disclosed using the term "prepaid finance charge," the disclosure statement here is as follows:

"Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $45.00
Fee—up to $600  . . . . . . . . . . . . . . . . . . . . . . . . $36.00
Fee—above $600  . . . . . . . . . . . . . . . . . . . . . . . $———
Total Finance Charge . . . . . . . . . . . . . . . . . . . . $81.00"

The terminology used here—"fee—up to $600; fee—above $600" is in accordance with Code Ann. § 25-315 (b), providing for a fee not greater than 8 percent of the first $600 of the face amount of the contract, plus 4 percent of the excess. The fee charged here is added to the interest provided for by Code Ann. § 25-315 (a) to arrive at the "total finance charge." Since the stated purpose of the Truth in Lending Act is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit" (15 U. S. C. § 1601 (Supp. 1972)); "Truth in Lending and Regulation Z, A Primer," by W. Rhett Tanner, 6 Ga. St. B. J. 19, it is our view that the disclosure made here, which reveals the "total finance charge" composed of interest and the fee, each of which is stated, is in substantial compliance with the Act and Regulation Z. Knowing the total finance charge and what it consisted of, defendant was in a position to compare her

credit alternatives. *Belton v. Columbus Finance &c. Co.,* 127 Ga. App. 770 (195 SE2d 195).

The contract documents, including the application for the loan and the statement of the transaction, as well as the note and security instrument, if there is one, are to be construed in conformity with our holding in *Southern Loan Co. v. McDaniel,* 50 Ga. App. 285, 286 (177 SE 834) that "An intention contrary to the law should not be read into a contract by placing such a construction upon a provision therein, when the provision is just as susceptible of a construction that will show a lawful intention on the part of the parties."

While the opposite result was reached in Grubb v. Oliver Enterprises, Nos. 15550 and 15976, decided November 6, 1972, in the United States District Court, Northern District of Georgia, Atlanta Division, that decision is of course not binding upon us. In footnote 6 of that opinion it is stated: "Subsequent to the in-court announcement of summary judgment for the plaintiff [borrower], the defendant [loan company] submitted a motion for a new trial supported by an informal opinion letter from the Federal Trade Commission which stated that a disclosure statement similar to the one in the instant case appeared to be in substantial compliance with the Act and Regulation Z. As the letter states, it is only an 'informal staff opinion which is advisory in nature and is in no way binding upon the commission' and accordingly not binding on this court." While the staff opinion is, by the same token, not binding upon us, we find it persuasive, as was the case concerning the form disseminated for use in *Belton v. Columbus Finance & Thrift Co.,* 127 Ga. App. 770, supra.

*Martin v. Glenn's Furniture Co.,* 126 Ga. App. 692 (191 SE2d 567) does not require a different result since the discrepancies there, including some omissions, were so numerous and confusing to the consumer as to frustrate the purposes of the Act.

*Judgment affirmed in part; reversed in part with direction. Bell, C. J., Hall, P. J., Deen and Clark, JJ., concur. Evans, J., concurs in the judgment. Pannell, Quillian and Stolz, JJ., dissent in part.*
ARGUED JANUARY 12, 1973 — DECIDED APRIL 3, 1973 — REHEARING DENIED APRIL 27, 1973 —

*David A. Webster, Gary Flack,* for appellant.

PANNELL, Judge, dissenting. I dissent from paragraph (b) of Division 2 of the opinion because of the failure of the lender to label

the fee charged for making the loan "prepaid finance charge," as required by regulation Z. Calling this fee a portion of *"total* finance charge" is decidedly different than calling it a part of a "prepaid finance charge." A "prepaid finance charge" is necessarily a part of the total, but separate charges making up the total are not necessarily prepaid. *Martin v. Glenn's Furniture Co.,* 126 Ga. App. 692 (191 SE2d 567) is controlling in the instant case and is not distinguishable for the reasons given in the majority opinion. One violation is sufficient.

I am authorized to state that Judges Quillian and Stolz, concur in this dissent.