This is a Truth-in-Lending Act case.
Trustees Loan Discount Company filed a complaint in the District Court of Montgomery County against Bernice Carswell seeking to recover $793.08 plus costs, interest and attorney's fees on a promissory note. Ms. Carswell answered by denying the claim and also asserting that the note and security agreement sued on were void because Trustees had violated the Alabama Small Loan Law, sections 5-18-1 through 5-18-24, Code 1975. Ms. Carswell also filed a counterclaim in which she alleged that Trustees had violated several provisions of the Truth-in-Lending Act but especially had Trustees violated that provision of the Act which prohibits the disclosure of state loan rate requirements which are inconsistent with the disclosure requirements of the Truth-in-Lending Act. See 12 C.F.R. § 226.6
(b) (1981). For this violation Ms. Carswell sought twice the amount of the finance charge, plus costs and a reasonable attorney's fee. Ms. Carswell also claimed she was due $109.08 for the payments she had made on the void loan. Judgment was rendered for Trustees for $793.08 less $116.69 representing unearned finance charges and insurance premiums. Ms. Carswell appealed to the circuit court.
After a hearing the circuit court entered judgment wherein it voided the note and then found for Ms. Carswell pursuant to the Truth-in-Lending Act in the amount of $486.50 plus costs and a $500 attorney's fee. After a denial of its motion for new trial, Trustees appealed to this court. After a denial of her motion to amend the judgment, Mrs. Carswell also appealed to this court.
In its brief here Trustees argues that the trial court committed error by holding that the note in question contained the disclosure of inconsistent state interest rate terms. In support of her cross-appeal, Ms. Carswell argues that the circuit court committed error when it failed to award her a refund of loan payments pursuant to section 5-18-15 (h), Code 1975, after holding that the note was void. She also argues that the trial court erred by not finding that Trustees had violated the Truth-in-Lending Act in several respects as to the contract of April 25, 1980. *Page 116 
The facts show that on or about April 25, 1980 Mrs. Carswell went to Trustees to buy a washing machine. Melvin Brown, Trustees' loan manager, took her to Thompson's Furniture Company and sold her a washing machine and ice cream maker. The sale was consummated by Ms. Carswell signing a retail installment sales contract, with Thompson Furniture Company being listed as the creditor. This contract was assigned to Trustees almost immediately.
After paying about $175 on this contract, Ms. Carswell refinanced it with Trustees on February 3, 1981. Ms. Carswell made payments of $109.08 on this new loan and then ceased making payments. Trustees filed its action seeking a recovery on the note on September 14, 1981.
The February 3, 1981 note contains two sections which disclose information on the interest rate and loan charges. The first of these is labeled "Statement of the Loan" and contains the "Finance Charge" and the "Annual Percentage Rate." Such information is a required disclosure under the Federal Truth-in-Lending Act. See 12 C.F.R. § 226.6 (c). Below this section the note contains the "Agreed Rate of Charge." This disclosure contains terminology on the instant rate which is derived from the Alabama Small Loan Act. See section 5-18-15
(a), Code 1975. Thus, it is a disclosure made in compliance with state law.
Ms. Carswell argues, and we agree, that the "Agreed Rate of Charge" differs from the "Statement of the Loan." Thus, the Truth-in-Lending Act required the lender to take three precautions to separate these inconsistencies. First, the federal disclosures must be placed above the state-required disclosures. Second, the disclosures required by the Truth-in-Lending Act must be identified by a "clear and conspicuous heading" which states that they are made in compliance with federal law. Third, the "Agreed Rate of Charge" information must "appear below a clear demarcation line" and must indicate "by a clear and conspicuous heading that thestatements made thereafter are inconsistent with the disclosurerequirements of the Federal Truth-in-Lending Act."12 C.F.R. § 226.6 (c) (emphasis added). Because the contract includes no heading indicating an inconsistency between the annual percentage rate and the agreed rate of charge, the trial court correctly concluded that the Truth-in-Lending Act had been violated.
Having found that the Truth-in-Lending Act had been violated by Trustees, the trial court correctly assessed a penalty in double the amount of the finance charge, costs, and a reasonable attorney's fee of $500. See 15 U.S.C.A. § 1640 (a)(3) (West 1982).
In support of her cross-appeal, Ms. Carswell questions the refusal of the trial court to require Trustees to refund payments of $109.08 made on the February 3, 1981 loan after holding that loan void.
The Alabama Small Loan Act provides that if "any amount in excess of the charges permitted by this section is charged, contracted for or received, . . . the contract of loan shall be void and the licensee shall have no right to collect or receive any cash advanced, charges or recompense whatsoever. . . . Any borrower may recover the full amount of principal and charges paid by him on any contract made in violation of this section. . . ." Section 5-18-15 (h), Code 1975.
The trial court held the February 3, 1981 loan void and refused to permit Trustees to collect "any cash advanced, charges or recompense whatsoever" on that loan. The trial court, however, refused to award Ms. Carswell the $109.08 she had paid on this loan.
In view of the specific language of section 5-18-15 (h) providing that a borrower is entitled to recover any payments made on a void loan, we consider that the trial court committed error by not requiring Trustees to pay to Ms. Carswell the $109.08 paid by her on the void loan. See New Finance Ltd. v.Ellis, 45 Ala. App. 94, 225 So.2d 782 (Ala.Civ.App.), cert.den., 284 Ala. 374, 225 So.2d 784 (1969).
Ms. Carswell's next issue relates to the amount of attorney's fee awarded to *Page 117 
her as a result of Trustees' violation of the Truth-in-Lending Act. She contends that the $500 awarded to her is not a "reasonable attorney's fee" to which she is entitled for a violation of the Truth-in-Lending Act.
Section 1640 (a)(3) permits the recovery by a successful plaintiff of "a reasonable attorney's fee as determined by the court."
 "It is well established that the allowance of attorneys' fees is `"within the judicial discretion of the trial judge, who has close and intimate knowledge of the efforts expended and the value of the services rendered. And an appellate court is not warranted in overturning the trial court's judgment unless under all of the facts and circumstances it is clearly wrong."' Lea v. Cone Mills Corp., 467 F.2d 277, 279 (4th Cir. 1972) quoting United States v. Anglin Stevenson, 145 F.2d 622, 630 (10th Cir. 1944) cert. denied, 324 U.S. 844, 65 S.Ct. 678, 89 L.Ed. 1405."
Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978). We consider that the trial court not only should consider the evidence relative to the size of the fee to be awarded but that it should also consider the efforts expended and the value of the services rendered by counsel in the light of its own intimate knowledge of such matters. We believe that was done by the trial court in the instant case, and we do not believe that it abused its discretion by fixing the amount of the attorney's fee at $500.
Ms. Carswell's final issue questions the failure of the trial court to find that the disclosure requirements of the Truth-in-Lending Act had been violated in connection with the April 25, 1980 contract. This note was written between Ms. Carswell and Thompson Furniture Company and assigned to Trustees. She says Trustees violated the Truth-in-Lending Act in several respects and should be assessed the penalty, costs, and attorney's fee provided by the Act.
Our first concern is to determine if Ms. Carswell lost her right to assert Truth-in-Lending Act violations on the April 25, 1980 contract when it was refinanced on February 3, 1981. We find that she did not.
In Brown v. Marquette Savings Loan Association,686 F.2d 608 (7th Cir. 1982), the court stated that "TILA is a disclosure statute whose fundamental purpose is to provide information to facilitate comparative credit shopping and thereby promote the informed use of credit." (Citations omitted.) It has been held, however, that where multiple violations occur in connection with the same credit transaction, there may be only one recovery. See Jackson v.Columbus Dodge, Inc., 676 F.2d 120 (5th Cir. 1982); Zamarippav. Cy's Car Sales, Inc., 674 F.2d 877 (11th Cir. 1982); Hensonv. Columbus Bank Trust Co., 651 F.2d 230 (5th Cir. 1981). Seealso 15 U.S.C.A. § 1640 (g) (West 1982). In the case at bar there are two separate and distinct consumer credit transactions. Moreover, we do not consider the fact that the contract was originally entered into between Thompson Furniture Company and Ms. Carswell to be a bar to recovery, since it was assigned almost immediately to Trustees.
In its decision of Henson v. Columbus Bank Trust Co.,supra, the fifth circuit held that a debtor could recover on each separate loan involved in a series of transactions. Similarly, we find that the two contracts herein involve separate transactions and that they do not represent a single account. This view is necessitated by the terms of the two agreements between Ms. Carswell and Trustees. In viewing the two transactions before us, we find them to be two separate agreements between the parties involved.[1] The fact that each contains a different schedule of payments and a different interest rate indicates to us that two separate transactions were involved and vitiates the argument that we are dealing with a single account. Thus, we conclude that Ms. Carswell has not automatically lost her right to assert Truth-in-Lending Act violations in relation to the April 25, 1980 contract. *Page 118 
That aspect of the judgment holding that the contract of February 3, 1981 was in violation of the Truth-in-Lending Act is affirmed; that aspect of the judgment awarding Ms. Carswell $500 as an attorney's fee is affirmed; that aspect of the judgment in which the trial court refused to refund to Ms. Carswell $109.08 paid on the February 3, 1981 loan is reversed; and that aspect of the judgment in which the trial court refused to consider whether the April 25, 1980 contract had violated the Truth-in-Lending Act is also reversed. The cause is remanded for the trial court to enter an order in favor of Ms. Carswell for $109.08 as the balance due from the February 3, 1981 loan, and to determine, after hearing, whether the April 25, 1980 contract violated the Truth-in-Lending Act.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.
[1] Trustees makes no attempt to separate itself from the April 25, 1980 transaction and, in fact, asserts in brief that "[a]ppellee bought a washing machine and an ice cream maker from the appellant."